FLORA SARIEGO VIUDA DE CARMONA, demandante y recurrida, *v.* JOSÉ F. CARMONA, demandado y recurrente.

*Número:* AP-64-47      *Resuelto:* 3 de febrero de 1966

*José E. Franco Santiago,* abogado del recurrente; *E. Martínez Rivera,* abogado de la recurrida.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En una acción de desahucio por falta de pago seguida por Flora Sariego viuda de Carmona contra José Francisco Carmona, el Tribunal de Distrito, Sala de Comerío, dictó sentencia declarando con lugar la demanda el día 1 de noviembre de 1963. Se cursó por correo a las partes una notificación de esa sentencia el día 12 de noviembre de 1963 aunque en el propio escrito de notificación se hizo constar que con fecha 1 de noviembre de 1963 se había archivado en los autos, copia de esa notificación.

Dos días después, o sea, el 14 de noviembre, el demandado presentó ante el Tribunal de Distrito, Sala de Comerío, una moción que tituló "Moción de Reconsideración y/o Nulidad de Sentencia, y/o Moción de Nuevo Juicio". El 18 del mismo mes el Tribunal de Distrito señaló la vista de la referida moción para el día 29 de noviembre. En dicho día el Tribunal declaró sin lugar la mencionada Moción de Reconsideración y otros extremos porque la misma había sido radicada después de haber transcurrido el término apelativo de 5 días y a su vez corrigió la sentencia ampliando el término para el desalojo de 20 a 40 días.

El día 2 de diciembre de 1963 el demandado interpuso sendos recursos de apelación para ante el Tribunal Superior, Sala de Caguas, contra la sentencia y la resolución del 29 de noviembre.

En diciembre de 1963 la demandante solicitó del Tribunal Superior, Sala de Caguas, la desestimación del recurso de apelación por haber sido interpuesto fuera del término legal. Luego de oir a las partes, por resolución de 13 de octubre de 1964, notificada al día siguiente, el Tribunal Superior, Sala de Caguas, desestimó la apelación por falta de jurisdicción.

En noviembre 13 de 1964 el demandado radicó en el Tribunal Superior un escrito de apelación haciendo constar que ". . . no estando conforme con la Resolución dictada, en parte

alguna de la misma tampoco, apela la misma para ante el Honorable Tribunal Supremo, ya que la referida Resolución vulnera los derechos constitucionales del demandado y es obviamente contraria a la ley y a la doctrina jurisprudencial que ha regido y rige esta materia desde hace más de 30 años."

Negamos la solicitud del demandante-apelado para que desestimáramos este recurso por falta de jurisdicción.

■ Convenimos en que en este caso era improcedente tanto el recurso de apelación como el de revisión para revisar la resolución dictada por el Tribunal Superior porque tratándose de una sentencia de desahucio dictada por el Tribunal de Distrito y apelada al Tribunal Superior, no procede una segunda apelación o revisión ya que por disposición expresa de la ley en los juicio de desahucio no se dará en ningún caso más de una apelación. 32 L.P.R.A. sec. 2830.

Podemos, sin embargo, considerar el escrito de apelación como una solicitud de *certiorari* a fin de considerar el caso en sus méritos.

■ El recurso de *certiorari* es adecuado para revisar errores de derecho fundamentales cometidos por el Tribunal Superior en aquellos casos de desahucio apelados del Tribunal de Distrito. A diferencia de los recursos de apelación y revisión la interposición ante este Tribunal de un recurso de *certiorari* no suspende los procedimientos en el Tribunal Superior respecto a la sentencia o parte de la misma de la cual se apela o solicita revisión, [1] a menos desde luego, que este Tribunal así lo ordene dentro del recurso de *certiorari* bajo aquellas condiciones que estime procedentes para garantizar los derechos de un demandante victorioso en la acción de desahucio. [2]

Aceptando, como lo hacen las partes, que el término para apelar de una sentencia dictada por el Tribunal de Distrito

[1] 4 L.P.R.A. sec. 37.

[2] En este caso el demandado prestó ante el Tribunal de Distrito una fianza a favor de la demandante por la suma de $3,000.00.

144

en una acción de desahucio es de 5 días, tenemos que concluir que el demandado apeló en tiempo para ante el Tribunal Superior, Sala de Caguas.

■ El término para apelar de la sentencia dictada por el Tribunal de Distrito comenzó a correr el día 12 de noviembre de 1963 y no el día primero de ese mes. Ello debe ser así porque si bien en el documento de notificación de sentencia remitida a las partes por el Secretario de la Corte de Distrito el día 12 de noviembre se hacía constar que con fecha 1 de noviembre de 1963 se había archivado en los autos copia de dicha notificación, mal podía archivarse en los autos en esta última fecha la copia de una notificación que se hizo el día doce y no el día primero.

■ Si el término para apelar hubiera comenzado el día 1 de noviembre de 1963, la sentencia se hubiera convertido en firme y el demandado hubiera sido privado de su derecho de apelación Debe considerarse que dicho término de apelación comenzó a correr el día 12 de noviembre de 1963. Cf. *Figueroa Rivera* v. *Tribunal Superior*, 85 D.P.R. 82 (1962).

■ Ahora bien, como el día 14 de noviembre de 1963 el demandado solicitó la reconsideración de la sentencia y otros remedios, el término para apelar quedó interrumpido desde ese día y no comenzó a correr de nuevo hasta el día 29 del mismo mes de noviembre, fecha en que se notificó a las partes la resolución del Tribunal de Distrito declarando sin lugar la moción de reconsideración. *Dávila* v. *Collazo*, 50 D.P.R. 494 (3) (1936).

------

(3) Hemos asumido con las partes que el término para apelar al Tribunal Superior una sentencia dictada en una acción de desahucio por el Tribunal de Distrito, es de 5 días. En *Andino* v. *Fajardo Sugar Co.*, 82 D.P.R. 85, resolvimos que el recurso de apelación en un caso de desahucio originado en el Tribunal Superior debe interponerse dentro del término de 30 días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Si igual término rige en las apelaciones del Tribunal de Distrito al Superior en acción de desahucio, *quaere*.

Como el demandado apeló de la sentencia para el Tribunal Superior, el día 2 de diciembre de 1963, el recurso fue interpuesto dentro de los 5 días de haberse dictado y notificado la resolución denegando la moción de reconsideración, y por lo tanto, en tiempo.

La resolución del Tribunal Superior desestimando la apelación por falta de jurisdicción es errónea y debe ser revocada.