MARCELO CANALES VELÁZQUEZ y OTROS, demandantes y recurridos, *v.* CONVERSE DE PUERTO RICO, INC. y OTROS, demandados y recurrentes.

*Número:* RE-90-500        *Resuelto:* 30 de enero de 1992

*Julio A. Díaz Valdés*, abogado de los recurrentes; *Antonio Hernández Sánchez*, abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 5 de junio de 1990 el Tribunal Superior, Sala de Carolina, dictó sentencia en la que declaró con lugar la reclamación del codemandado Marcelo Canales Vázquez por despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. secs. 185a–185m) pero desestimó la basada en discrimen por razón de edad bajo la Ley Núm. 100 de 30 de junio de 1959. Dicha sentencia fue notificada y archivada en autos el 22 de junio de 1990. El 28 de junio la parte demandada recurrente, Converse de Puerto Rico, Inc.,[1] Carlos Benítez y Enrique Segarra (en adelante Converse), presentó a tiempo una moción de determinaciones de hecho adicionales al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El foro de instancia la denegó el 12 de julio. El 3 de julio la parte demandante recurrida también presentó una moción de determinaciones de hecho adicionales. El tribunal la declaró sin lugar y notificó el 18 de julio.

El 17 de agosto Converse presentó un recurso de revisión. El 16 de noviembre, en reconsideración, decidimos revisar y expedimos el auto. El 27 de noviembre la parte demandante recurrida presentó una moción de desestimación por falta de jurisdicción. Alegó que la moción de determinaciones de hecho adicionales del 3 de julio se presentó fuera del término jurisdiccional de diez (10) días que provee la Regla 43.3 de Procedimiento Civil, *supra*, por lo tanto, no interrumpió el término de treinta (30) días para recurrir en alzada. Regla 53.1.(b) de Procedimiento Civil,

---

[1] Con relación a la codemandada recurrente Converse de Puerto Rico, Inc., el 19 de julio de 1991 ordenamos la paralización de los procedimientos "hasta tanto la Corte Federal de Quiebra para el 'Eastern District of Missouri' no decida lo contrario".

32 L.P.R.A. Ap. III. Continuó alegando que el término para que Converse solicitara la revisión comenzó a decursar nuevamente el 13 de julio y que, por lo tanto, el recurso de revisión debió haberse presentado en o antes del 13 de agosto.([2]) Concluyó que habiendo Converse presentado el recurso el 17 de agosto, pasado el término jurisdiccional de treinta (30) días que provee las reglas, este Tribunal carece de jurisdicción para entender en el mismo.

El 21 de diciembre emitimos una resolución en la que ordenamos a Converse mostrar causa por la cual no deberíamos desestimar el recurso de revisión presentado por falta de jurisdicción. Converse compareció y alegó que a pesar de que se archivó en autos copia de la notificación de la sentencia el 22 de junio de 1990, no fue hasta el 25 de junio que realmente se notificó al depositarla en el correo. Continuó arguyendo que, a tenor con lo resuelto en *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966), habiéndose depositado en el correo la notificación de la sentencia con posterioridad al archivo en autos de copia de la misma, el término para presentar la moción de determinaciones de hecho adicionales comenzó al depositarse la notificación de la sentencia en el correo, no al momento de su archivo en autos. No le asiste la razón.

Las Reglas 43.3 y 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, disponen que el término de diez (10) días para solicitar las determinaciones de hecho adicionales comenzará a decursar desde el archivo en autos de copia de la notificación de la sentencia, y que una vez presentada dicha moción por cualquier parte en el pleito quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Su presentación, sin embargo, no interrumpe el término que tienen las otras partes en el pleito para presentar las mociones de determinaciones de hechos

---

([2]) El término de treinta (30) días para presentar el recurso de revisión vencía el 11 de agosto de 1990, pero por ser sábado se extendió hasta el lunes 13.

adicionales. En *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82, 88 (1962), adelantamos la posibilidad de que no se enviara la notificación del archivo en autos de copia de la notificación de la sentencia "dentro del término para apelar [o revisar o se] enviara tan tardíamente que una parte no tuviera el tiempo suficiente para preparar una revisión". Expresamos que si esto ocurriera "siempre habría medios para proteger los derechos de una parte así perjudicada". Esto fue precisamente lo que ocurrió en *Vda. de Carmona v. Carmona*, supra, donde la notificación se envió *pasado* el término para apelar. Bajo estas circunstancias, resolvimos que el término para apelar comenzó a correr desde el depósito en el correo de la notificación, no desde su archivo en autos. Esta no es la situación que hoy confrontamos.[3]

En el caso de autos los demandados recurrentes, Converse, basan su teoría de jurisdicción en la segunda moción de determinaciones de hecho adicionales, la presentada tardíamente por los demandantes recurridos. No les asiste la razón; veamos. La notificación se depositó en el correo sólo tres (3) días después de haberse archivado en autos copia de la notificación de la sentencia. Tanto la recurrente Converse como la demandante recurrida, tuvieron amplia oportunidad de preparar y presentar una moción de determinaciones de hechos adicionales dentro del término de diez (10) días provisto por la Regla 43.3 de Procedimiento Civil, *supra*. Como cuestión de hecho Converse

---

[3] En los comentarios editoriales que acompañan las Reglas de Procedimiento publicadas por Publicaciones JTS, Inc., se le dio una interpretación demasiado amplia a lo resuelto en *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966), al expresarse lo siguiente:

"Un problema constante en esta área se suscita cuando la fecha del archivo en autos de copia de la notificación de la sentencia no concuerda con la fecha en que efectivamente se depositó en el correo tal notificación a las partes. En esta especial situación, el término para revisar o apelar comienza a computarse el día del depósito de la notificación en el correo, como se señaló en *Vda. de Carmona v. Carmona*, 93 D.P.R. 140, 144 (1966) (Pérez)." J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, pág. 256.

así lo hizo, al presentar su moción el 28 de junio, seis (6) días después del archivo en autos de copia de la notificación. Fue la segunda moción de determinaciones de hecho adicionales, la presentada por la parte demandante recurrida, la que se presentó tardíamente, ya que el punto de partida para computar el término para presentar la moción era el archivo en autos de copia de la notificación de la sentencia, no su depósito en el correo.[4] Converse no ha probado que se dieron las circunstancias extraordinarias que al amparo de lo resuelto en *Vda. de Carmona v. Carmona*, supra, ameritara que el término comenzase a correr desde el depósito de la notificación en el correo, o que al amparo de *Figueroa Rivera v. Tribunal Superior*, supra, se utilizacen otros remedios para "proteger los derechos de una parte así perjudicada".

No habiéndose presentado en tiempo la segunda moción de determinaciones de hecho adicionales, ésta no tuvo el efecto de interrumpir el término para presentar la revisión. Carecemos de jurisdicción para entender en el recurso de revisión presentado. Cabe señalar, además, que en realidad Converse tuvo cincuenta y dos (52) días, desde el 22 de junio de 1990 —fecha en que se le notificó la sentencia— hasta el 13 de agosto, para presentar su recurso de revisión, tiempo más que suficiente para prepararlo y presentarlo.[5]

---

[4] La parte demandante recurrida nos informa que recibió la notificación el 25 de junio. Esta parte presentó recurso de revisión en tiempo, el 10 de agosto de 1990 (RE–90–489). Lo denegamos el 5 de octubre.

[5] Con respecto al planteamiento de Converse de que al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, acojamos el recurso de revisión como una petición de *certiorari*, basta con señalar que estamos frente a un término jurisdiccional donde no existen "circunstancias extraordinarias o especiales" que justifiquen el que acojamos el recurso presentado luego de haber transcurrido el término para presentarlo como una petición de *certiorari*.

[5] Con respecto al planteamiento de Converse de que al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, acojamos el recurso de revisión como una petición de *certiorari*, basta con señalar que estamos frente a un término jurisdiccional donde no existen "circunstancias extraordinarias o especiales" que justifiquen el

Por todo lo antes expuesto, *se dictará sentencia desestimando el recurso presentado por falta de jurisdicción.*

El Juez Asociado Señor García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López concurre con el resultado con opinión escrita.

**– O –**

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

El pasado 28 de junio de 1991 —en la opinión concurrente y disidente que emitiéramos en *Lasso v. Iglesia Pent. La Nueva Jerusalem*, 129 D.P.R. 219, 245–246 (1991)— expresamos, *en lo pertinente*, que:

> Para que una ponencia en un caso normal y corriente, elaborada y suscrita por uno de los integrantes del Tribunal, pueda ser certificada como "Opinión del Tribunal" se requiere que la misma obtenga el *voto de conformidad* de por lo menos cuatro de los integrantes de este Foro judicial, en la situación en que todos sus miembros intervienen en el caso, o de por lo menos la "mitad más uno" de los Jueces que participan en el caso, en la alternativa de que algunos de sus integrantes se hayan inhibido o abstenido de intervenir en el mismo.
>
> El voto de conformidad —a diferencia de cuando meramente se "concurre con el resultado"— que le brinda un Juez a la ponencia suscrita por uno de sus compañeros magistrados *significa* que ese Juez está conforme no sólo con el resultado a que se llega en la ponencia emitida sino que suscribe todos y cada uno de los fundamentos que se aducen en apoyo de ese resultado. Cuando meramente se "concurre con el resultado", *no* se endosan necesariamente todos los fundamentos aducidos en la ponencia en apoyo del resultado a que se llega.
>
> Dicha función es una que no puede ser descargada "ligera" o caprichosamente por los integrantes de un tribunal colegiado como el nuestro. Como es de todos conocido, una "Opinión del Tribunal" resulta obligatoria, como precedente, para nuestros

---

que acojamos el recurso presentado luego de haber transcurrido el término para presentarlo como una petición de *certiorari*.

tribunales de instancia. Ello, en palabras sencillas, significa que dicha Opinión constituirá derecho vinculante en relación con las decisiones que emitan los referidos tribunales de instancia en el futuro en toda situación de hechos similar a la envuelta en el caso objeto de la "Opinión del Tribunal". Ahí radica, naturalmente, la importancia de que los fundamentos legales que se aducen en una Opinión en apoyo del resultado propuesto sean jurídicamente correctos.

No hay duda, en resumen, que la determinación que a diario tienen que hacer los integrantes de este Tribunal respecto a si endosan o no con su voto de conformidad las numerosas ponencias que se circulan en el seno del Tribunal, y si éstas ameritan o no ser publicadas como "Opinión del Tribunal", es una importante y fundamental para nuestro sistema de derecho. Es por ello que dicha determinación sólo debe ser el producto de un análisis jurídico objetivo y desapasionado; *totalmente libre el mismo de consideraciones de amistad, enojo o prejuicio personal.* (Énfasis en el original.)

Hoy añadimos el hecho obvio de que no toda decisión emitida por este Tribunal amerita ser publicada como "Opinión del Tribunal"; ello aun cuando el resultado y los fundamentos en que se basa la misma sean correctos en derecho. Los integrantes de este Tribunal no deben perder de vista que las "Opiniones" tienen el propósito, entre otros, de establecer nuevas normas de derecho, aclarar y despejar situaciones jurídicas complejas y confusas, y suplir "lagunas" en nuestro ordenamiento. Cuando el caso ante nuestra consideración lo que plantea son cuestiones reiteradamente resueltas por el Tribunal, el vehículo decisorio a utilizarse debe ser el de la "sentencia", la cual no establece norma alguna ni constituye precedente obligatorio.

El uso indebido del mecanismo procesal de la "Opinión" puede hacerle un grave daño a la imagen y reputación de este Tribunal. Los integrantes de este Foro no podemos darnos el lujo de envolvernos en una *fatua y estéril competencia numérica* de quién es el Juez que más "opiniones" publica. *Debemos mantener siempre presente que la cali-*

*dad de la justicia que un juez dispensa no se mide exclusi-
vamente a base de estadísticas.*

La Opinión mayoritaria emitida en el presente caso es
un vivo ejemplo de uno de los *graves males* que han venido
aquejando al Tribunal durante los últimos seis (6) años: la
publicación, como "Opinión", de ponencias que deben ser
certificadas como "sentencias", las cuales, curiosamente,
han venido consistentemente recibiendo el voto de confor-
midad de una mayoría del Tribunal por razones totalmente
ajenas a las que propiamente deben regir dichas
determinaciones.

En la actualidad se encuentran pendientes de resolu-
ción final ante este Tribunal cientos de recursos, algunos
de los cuales plantean cuestiones de fundamental impor-
tancia para nuestra ciudadanía y la clase togada en
general. Es por ello que no alcanzamos a entender el por
qué el Tribunal se envuelve en la preparación, redacción y
publicación de una ponencia como "Opinión del Tribunal"
en relación con los hechos que plantea el presente recurso,
el cual realmente debió de haber sido resuelto mediante
una simple Resolución al efecto.

Aparte de constituir una estadística más —desde el
punto de vista de "un caso más" que se resuelve mediante
"Opinión y Sentencia"— *la ponencia emitida en el presente
caso no añade nada nuevo o significativo a nuestro acervo
jurisprudencial.* Dicho con el mayor respeto, la Opinión
mayoritaria emitida en el presente caso no pasa de ser una
pérdida de tiempo valioso. *Nos vemos obligados a ocupar
parte de ese tiempo para explicar, y demostrar, lo antes ex-
presado con el propósito de que esta situación no se repita
en el futuro.*

I

La Sala de Carolina del Tribunal Superior de Puerto
Rico emitió sentencia en el presente caso, *copia de la cual*

*fue archivada en autos el 22 de junio de 1990.* Ambas partes presentaron solicitud de determinaciones de hecho adicionales al amparo de las disposiciones de la Regla 43.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

La moción que a esos efectos radicara la *demandada recurrente* Converse de Puerto Rico, Inc. *fue radicada en tiempo;* esto es, dentro del término de diez (10) días de haberse archivado en autos copia de la notificación de la sentencia por la Secretaría del tribunal de instancia. Como es harto sabido, la radicación *en tiempo* de la referida moción tiene el efecto de paralizar el término jurisdiccional ordinario de treinta (30) días para acudir en revisión ante este Tribunal;(¹) término que conforme a las disposiciones de la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, comienza "a correr nuevamente tan pronto se archive en autos copia de la notificación [sobre] las determinaciones y conclusiones solicitadas". *Dicha moción fue denegada por el foro de instancia mediante orden a esos efectos de 12 de julio de 1990.*

La moción que bajo la citada Regla 43.3 de Procedimiento Civil radicara la *parte demandante recurrida* ante el foro de instancia fue radicada *fuera* del mencionado término jurisdiccional de diez (10) días que dispone la referida disposición reglamentaria, razón por la cual ello *no* interrumpió el término para acudir en revisión ante este Tribunal. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644 (1979). Es debido a ello que resulta obvio que la orden emitida por el foro de instancia, de fecha 18 de julio de 1990, denegando dicha moción resulta ser una superflua e innecesaria que no tuvo, ni tiene, consecuencia o efecto jurídico alguno.

Habiendo sido denegada la moción que radicara la de-

---

(¹) En casos en que el "Estado" es parte, el término para acudir en revisión ante este Tribunal es de sesenta (60) días. Véase Ley Núm. 66 de 5 de julio de 1988 (32 L.P.R.A. Ap. III, R. 10.1).

mandada recurrente Converse de Puerto Rico bajo la citada Regla 43.3 de Procedimiento Civil, con fecha de 12 de julio de 1990, el término ordinario de treinta (30) días para acudir en revisión ante este Tribunal comenzó "a correr nuevamente" el 13 de julio de 1990. Regla 43.4 de Procedimiento Civil de 1979, ante. Dicho término, en consecuencia, vencía el 11 de agosto de 1990. Siendo dicho día sábado, el mismo se extendió hasta el lunes *13 de agosto de 1990.*

No puede haber duda alguna, en consecuencia, que el recurso de revisión que la demandada recurrente Converse de Puerto Rico radicara ante este Tribunal el 17 de agosto de 1990 —*y que erróneamente expidiéramos*— fue radicado fuera del término jurisdiccional de treinta (30) días, *razón por la cual procede su desestimación por falta de jurisdicción.*

Confrontada con estos hechos, la demandada recurrente elabora la errónea teoría de que no obstante haberse archivado en autos copia de la notificación de la sentencia dictada por el foro de instancia el día 22 de junio de 1990, el término de diez (10) días que dispone la antes citada Regla 43.3, tiene que contarse en el presente caso desde que la misma efectivamente se notificó a las partes, esto es, *tres (3) días más tarde.* Ello, naturalmente, tendría el efecto de que la moción que tardíamente radicara la parte demandante recurrida bajo la Regla 43.3 de Procedimiento Civil, ante, hubiera estado "en tiempo" y, en consecuencia, igualmente el recurso de revisión que Converse radicara ante este Tribunal. Dicho argumento, no hay duda, es uno total y completamente improcedente en derecho.

## II

La situación de hechos antes descrita, a nuestro humilde entender, repetimos, no justifica la preparación y certificación de una ponencia como "Opinión del Tribunal".

El recurso radicado por Converse de Puerto Rico debió de ser desestimado, por razón de falta de jurisdicción, mediante la emisión de una simple resolución o, *a lo sumo*, mediante una "Sentencia" a esos efectos.

El *mero hecho* de que la recurrente Converse, *en apoyo de su errónea contención*, cite las decisiones que este Tribunal emitiera en *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82 (1962), y en *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966), *no* constituye fundamento para que este Tribunal pierda su tiempo en la preparación y certificación de una "Opinión" cuando hay pendientes, y sin resolver, tantos recursos ante este Tribunal, los cuales están impregnados de fundamental importancia para nuestra ciudadanía.

En el contexto de los hechos del presente caso, resulta, inclusive, erróneo el citar, y "distinguir", las decisiones que este Tribunal emitiera en *Figueroa Rivera v. Tribunal Superior*, ante, y en *Vda. de Carmona v. Carmona*, ante. La situación de hechos que el Tribunal contempló en dichos casos es completamente distinta; esto es, aquella en que la fecha en que se deposita en el correo la notificación de sentencia es una realizada *pasado el término de revisión*, calculado el mismo a base de la fecha de archivo en autos, o *tan tardíamente* que la parte afectada por la sentencia dictada no tiene tiempo suficiente para preparar adecuadamente un recurso de revisión. *Dichas decisiones tuvieron, y tienen, el loable propósito de flexibilizar una norma férrea y así evitar que en nombre de la misma se cometa la injusticia de impedir que una parte sea despojada de su derecho a revisar una sentencia errónea debido a una actuación negligente de la Secretaría del tribunal de instancia.* Esa, ciertamente, *no* es la situación de hechos en el caso de autos.

La Opinión mayoritaria emitida en el presente caso, la cual aparentemente tiene el propósito de aclarar y disipar dudas, es una innecesaria y errónea. La clase togada del

País, la cual tiene sumo interés en que se resuelvan los asuntos fundamentales pendientes ante este Tribunal, no tiene necesidad alguna de que se le "aclare" una situación que ya resulta ser meridianamente clara. Como expresáramos en el Voto particular que emitiéramos el 21 de diciembre de 1988 en *Berberena v. Echegoyen*, 123 D.P.R. 76 (1988), somos del criterio que "los integrantes de este Tribunal deben dedicar todos sus esfuerzos, tiempo y empeño en asuntos más productivos y útiles" para el Pueblo de Puerto Rico.

## III

No obstante lo anteriormente expresado, *concurrimos en el resultado* a que se llega en la Opinión mayoritaria emitida por cuanto el mismo es correcto. Esto es, y como expresáramos anteriormente, habiéndose notificado la resolución denegatoria de la moción radicada bajo la Regla 43.3 de Procedimiento Civil, ante, el día 12 de julio de 1990, resulta obvio que el recurso de revisión que radicaran ante este Tribunal la parte demandada recurrente el día 17 de agosto de ese año fue radicado fuera del término jurisdiccional ordinario de treinta (30) días. Procede, no hay duda, decretar la desestimación del referido recurso.