**COMUNICADORA NEXUS**
Demandante-Apelada

v.

**MEDIC SLIM SYSTEM, JAIME CLAUDIO, AILEEN BETANCOURT Y
LA SOCIEDAD DE BIENES GANANCIALES POR ELLOS COMPUESTA**
Demandados-Apelantes

Núm. KLAN-95-00313

San Juan, Puerto Rico, a 27 de abril de 1995

Panel integrado por su presidente, Juez Negrón Soto,
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Este caso nos fue referido a este tribunal el 28 de marzo de 1995 para su trámite y resolución por el Tribunal de Primera Instancia, Sala Superior de San Juan, de conformidad con el Art 9.004 (b) de la Ley Núm. 1 de julio de 1994, conocida como la Ley de la Judicatura de Puerto Rico de 1994.

Surge del expediente del caso que está pendiente de solución una moción de desestimación del recurso presentada por la parte demandante-apelada, Comunicadora Nexus, y una oposición a ésta de los co-demandados-apelantes, Jaime Claudio y Aileen Betancourt.

Considerados los planteamientos de las partes, procede que desestimemos la apelación por falta de jurisdicción. Veamos.

El 3 de diciembre de 1995 se presentó ante el anterior Tribunal de Distrito, Sala de San Juan, una apelación por los co-demandados, Jaime Claudio y Aileen Betancourt y la Sociedad de Bienes Gananciales compuesta por ambos. En la misma solicitan que se revoque una sentencia dictada por dicho tribunal el 23 de septiembre de 1993, mediante la cual se les condenó a satisfacer ciertas sumas de dinero a favor de la demandante-apelada, Comunicadora Nexus. El 3 de noviembre de 1993 fue archivada en autos copia de la notificación de la sentencia, según lo certifica la Secretaria del tribunal.

El 9 de marzo de 1995, la demandante-apelada solicitó la desestimación de la apelación en vista de que el sobre de envío de la copia de la apelación tiene marcado en metro postal, 3 de diciembre de 1993, pero que el servicio de correo federal lo mataselló el 6 de diciembre de 1993, fecha en que se debió haber depositado el documento en el correo. Sostiene dicha parte que habiendo sido el día 3 de noviembre viernes, último día hábil para notificar copia de la apelación, no tiene jurisdicción el tribunal para entender en ésta.

La demandada-apelante replicó a la moción de desestimación alegando su representación legal que el sobre fue depositado en un buzón el viernes 3 de diciembre de 1993 por la tarde, y que el matasellos del 6 de diciembre se pudo deber a otros factores, no atribuibles a dicha parte.

Además, aduce la demandada-apelante que aún cuando se tomase el 6 de diciembre de 1993 como la fecha del envío de la copia de la apelación, se notificó en tiempo. Basa su alegación en que la sentencia y su notificación fueron depositados en el correo el 4 de noviembre y no el 3 de noviembre de 1993██ Siendo ello así, sostiene ésta que los treinta (30) días para apelar y notificar a la parte contraria comenzaron a contar el 4 de noviembre de 1993, siendo el último día para ello el 4 de diciembre de 1993. Como el 4 de diciembre fue sábado, alegan se extendió el término hasta el próximo día laborable, 6 de diciembre de 1993.

## I

La Regla 53.1, inciso (a), 32 L.P.R.A., Ap. III, R. 53.1, establece cuándo y cómo se hará la apelación. La misma dispone como sigue:

*"(a) La apelación se formalizará presentando un escrito de apelación en la Secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, **dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia**."* (Enfasis suplido)

Asímismo, la Regla 46 de las de Procedimiento Civil, 32 L.P R.A., Ap. III, R. 46, dispone sobre la notificación y registro de las sentencias que:

*"Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y **el término para apelar o solicitar revisión empezará a correr desde la fecha de dicho archivo.**"* (Enfasis suplido).

Por otro lado, la Regla 4 de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, vigente a la fecha en que se presentó la apelación en este caso, provee que:

*"Se formalizará la apelación radicando un escrito de apelación en la Secretaría de Distrito que dictó la sentencia, y copia en la Secretaría del Tribunal Superior al que se apela, dentro del término y con la notificación a todas las partes conforme lo provisto en las Reglas de Procedimiento Civil, Apéndice III del Título 32, o en las Reglas de Procedimiento Criminal, Apéndice II del Título 34, según fuere el caso. Si el escrito de apelación no se radicare y notificare en la forma y dentro de los términos antes dispuestos la apelación será desestimada por el Tribunal Superior a iniciativa propia o a solicitud de parte "* (Enfasis suplido).

En este caso se ha suscitado una controversia en cuanto a qué fecha fue que se notificó a la parte apelada copia del escrito de apelación. Como indicamos anteriormente, sostiene la parte apelante que cumplió con la notificación toda vez que depositó el sobre en un buzón de correo, el viernes 3 de diciembre de 1993, por la tarde. El sobre tiene marcado en metro postal *"3 de diciembre",* pero el matasellos es de *"6 de diciembre de 1993".* Por el contrario, la parte apelada sostiene que la fecha de envío es la del matasellos, o sea, 6 de diciembre de 1993.

En *Ramos v. Condominio Diplomat,* 117 D.P.R. 641 (1986), el Tribunal Supremo expresó que en controversias sobre el momento del depósito en el correo, lo decisivo no es la marca del metro postal (postal meter) puesto en el sobre correspondiente, sino el matasellos del sistema de correo federal con el que se inutiliza el sello del documento.

Ante la situación planteada, forzosamente tenemos que resolver que el escrito de apelación no se notificó a la parte adversa dentro del término dispuesto de treinta (30) días que dispone la Regla 4 de las Reglas de Apelación del Tribunal de Distrito al Superior, *supra.* Procede, por ende la desestimación del recurso incoado.

## II

Independientemente de lo anterior, sostiene la parte apelante que tenía hasta el 6 de diciembre de 1993 para notificar de la apelación toda vez que la Secretaría del Tribunal depositó en el correo el 4 de noviembre la notificación del archivo en autos de copia de la sentencia y no el día 3 de noviembre de 1993.

No hay duda que si se toma como partida el envío por correo de dicha notificación para el cómputo de los treinta (30) días para presentar y notificar la apelación, estaría en tiempo puesto que el último día hábil hubiese sido el 6 de diciembre de 1993.

Sin embargo, las reglas son claras y específicas al indicar que el término para apelar comienza a correr desde el archivo en autos. Véase, Reglas 46 y 53.1 de las de Procedimiento Civil, *supra.*

En este caso la parte apelante no ha establecido o probado que se dieron unas *"circunstancias extraordinarias"* para que conforme a lo resuelto en *Vda. de Carmona v. Carmona,* 93 D.P.R. 140 (1966), fuese justificable que el término para apelar comenzase a correr a partir del depósito de la notificación en el correo del archivo en autos de la notificación de la sentencia. En dicho caso, la notificación se envió *"pasado"* el término para apelar.

Tampoco están presente en este caso circunstancias como las señaladas en *Figueroa Rivera v. Tribunal Superior,* 85 D.P.R. 83, 88 (1962), que justifiquen la utilización de otros remedios para *"proteger los derechos de una parte así perjudicada".* La parte aquí apelante tuvo tiempo suficiente para presentar y notificar de la apelación a partir del archivo en autos de copia de notificación de la sentencia en este caso.

En virtud de lo anterior, se desestima el recurso de apelación en el caso de epígrafe por falta de jurisdicción.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 78**

1. Se acompañó copia del sobre de envío del tribunal a esos efectos.