# 95 DTA 213

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I, SAN JUAN, PANEL IV

JUAN DIAZ INIRIO
Demandante-Apelante

v.

CITIBANK, N.A.
Demandada-Apelada

Núm. KLAN-95-00648

San Juan, Puerto Rico, a 28 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda de Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se presenta un recurso de apelación de una sentencia emitida el 1ro. de marzo de 1995, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, la cual fue archivada en autos el 9 de marzo de 1995 y remitida alegadamente el día 10 de marzo de 1995. (Ap. 9 y 10). El apelante presentó el día 17 de marzo de 1995, una moción de reconsideración, la cual alegadamente fue acogida por el tribunal de instancia, no obstante no obra en los autos ante nos, copia de la resolución que determine la fecha en que fue acogida. (Ap. 1).

El día 4 de mayo de 1995, el tribunal de instancia emitió resolución denegando la moción de reconsideración la cual fue archivada en autos el día 15 de mayo de 1995 y notificada alegadamente el día 16 de mayo de 1995. (Ap. 30 y 31).

El recurso de apelación fue presentado el día 15 de junio de 1995, luego de haber transcurrido treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia. No obstante el apelante alega que el recurso fue presentado dentro del término que establece la Regla 53.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III R 53.1, por razón de que la notificación se depositó en el correo el día 16 de mayo de 1995 y a partir de esa fecha es que se hace el cómputo.

Resolvemos que no le asiste la razón y procedemos a desestimar el recurso de apelación por falta de jurisdicción por los siguientes fundamentos.

El Tribunal Supremo de Puerto Rico resolvió en el caso de *Vda. de Carmona v. Carmona,* 93 D.P.R. 140, 144 (1966), que el término para apelar una sentencia se computa a partir de la fecha en que efectivamente se realiza la notificación por correo a los fines de proteger los derechos de una parte perjudicada por una sentencia. Esta interpretación está limitada a que el apelante pruebe que tal dilación en la notificación le ha causado perjuicios y menoscabo de su derecho para prepararse adecuadamente para acudir en apelación. *Figueroa Rivera v. Tribunal Superior,* 85 D.P.R. 82, 88 (1962). En ausencia de tales circunstancias los términos para acudir en apelación se deben computar conforme lo establece la Regla 53.1, *supra*, a partir del archivo en autos de copia de la notificación de la sentencia. *Canales Velázquez v. Converse de P. R., Inc.*, **92 J.T.S. 9,** pág. 9148.

Los hechos del caso ante nuestra consideración no demuestran estas circunstancias extraordinarias sino por el contrario de los mismos podemos colegir que aunque si bien es cierto que se notificó la sentencia por correo, un día después del archivo en autos, el apelante tuvo prácticamente todo el término de treinta (30) días desde su notificación para prepararse adecuadamente para acudir en apelación y por su inacción, presentó la misma al día treinta y uno (31) desde el archivo.

En ausencia de jurisdicción para atender el recurso ante nuestra consideración y privados de conceder una prórroga por ser contrario a derecho, procedemos a desestimar el mismo. *Pueblo v. Miranda Colón,* 115 D.P.R. 511, 513 (1984); i 104 D.P.R. 778, 782 (1976).

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 213**

**1.** En el caso mencionado la notificación se efectuó luego de haber transcurrido el término para apelar, por lo cual se privaba a la parte de su derecho a apelar.