EL PUEBLO DE PUERTO RICO, recurrido, *v.* ROSENDO RODRÍGUEZ MELÉNDEZ, peticionario.

*Número:* CC-2000-575          *Resuelto:* 30 de octubre de 2000

*Marisel Peña Senati, José Neil Peña Senati* y *Julio E. Gil de Lamadrid*, abogados de la parte peticionaria; *Gustavo A. Gelpí, Procurador General, Rosa Russé García, Subprocuradora General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Ministerio Fiscal radicó, ante la Sala de San Juan del Tribunal de Primera Instancia, unos pliegos acusatorios contra Rosendo Rodríguez Meléndez por unas alegadas infracciones a los Arts. 166(a) y 202(A) del vigente Código Penal de Puerto Rico.[1] Celebrado el correspondiente juicio, el Jurado que intervino en el caso, como juzgador de los hechos, rindió veredictos de culpabilidad en relación con todos los cargos imputados. En vista a ello, el tribunal de instancia le impuso a Rodríguez Meléndez penas de prisión, a ser cumplidas las mismas en forma

---

[1] 33 L.P.R.A. secs. 4272(a) y 4353a.

concurrente. Inconforme, Rodríguez Meléndez apeló ante el Tribunal de Circuito de Apelaciones, el cual confirmó las convicciones decretadas en instancia mediante sentencia a esos efectos. Oportunamente, Rodríguez Meléndez solicitó la reconsideración de la misma. El foro apelativo intermedio denegó la reconsideración solicitada mediante resolución, de fecha 22 de mayo de 2000, *habiendo sido archivada en autos copia de la notificación de dicha resolución el día siguiente, esto es, el 23 de mayo de 2000.*

Rodríguez Meléndez acudió, vía *certiorari*, ante este Tribunal; *recurso que radicó el 23 de junio de 2000.* El Procurador General solicitó la desestimación del mencionado recurso por haber sido radicado el mismo fuera del término jurisdiccional de treinta (30) días. Mediante Resolución, de fecha 1ro de septiembre de 2000, una Sala Especial de Verano de este Tribunal denegó el recurso radicado por falta de jurisdicción.([2])

Inconforme, Rodríguez Meléndez solicitó la reconsideración de dicha resolución, alegando, entre otras cosas, que la notificación que se hiciera de la resolución emitida por el Tribunal de Circuito de Apelaciones, denegatoria de la moción en solicitud de reconsideración de la sentencia emitida por dicho foro, fue hecha el día *24* de mayo de 2000, conforme ello surge del matasellos del correo del sobre en que recibió la misma. Alega, en consecuencia, Rodríguez Meléndez que el término jurisdiccional de treinta (30) días vencía el 23 de junio de 2000, fecha en que él radicó su recurso y no el día antes; ello en vista de las disposiciones de la Ley Núm. 40 de 10 de enero de 1999 (32 L.P.R.A. Ap. III). *No le asiste la razón.*

---

([2]) Sala Especial compuesta por el Juez Presidente Señor Andréu García, y los Jueces Asociados Señores Hernández Denton, Corrada Del Río y Rivera Pérez.

## I

De acuerdo con la Regla 20(a)(1) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, cuando la petición de *certiorari* se presente para revisar una sentencia emitida por el Tribunal de Circuito de Apelaciones, dictada la misma en un recurso de apelación conforme a lo dispuesto en el Art. 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(1), el recurso se formalizará presentando la solicitud dentro del término jurisdiccional de treinta (30) días.

En el caso ante nuestra consideración, la notificación de la sentencia recurrida fue archivada en autos el *8 de mayo de 2000*, por lo que el término de treinta (30) días para radicar la solicitud de *certiorari* expiraba el *7 de junio de 2000*. Dicho término fue interrumpido por una oportuna moción de reconsideración, la cual fue declarada sin lugar mediante resolución notificada el *23 de mayo de 2000*. En consecuencia, el término de treinta (30) días para radicar la solicitud de *certiorari* expiraba el *22 de junio de 2000*. El presente recurso fue radicado ante este Tribunal el *23 de junio de 2000*, esto es, un (1) día en exceso del término jurisdiccional provisto por ley. En consecuencia, este Tribunal carece de jurisdicción para entender en el asunto planteado.

## II

Es correcto que la antes citada Ley Núm. 40 de 10 de enero de 1999 enmendó la Regla 46 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, para establecer, *en lo pertinente*, que "si la fecha de archivo en autos de copia de la notificación en la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en

el correo". Nótese que se trata de una enmienda a las Reglas de Procedimiento Civil, *no* a las Reglas de Procedimiento Criminal; razón por la cual la referida enmienda *no* es de aplicación a los términos pertinentes al caso hoy ante nuestra consideración.(³)

En vista del planteamiento que, a esos efectos, ha hecho el peticionario Rodríguez Meléndez y del hecho que el Procurador General no ha cuestionado el mismo, hemos entendido conveniente y procedente alertar a la profesión legal respecto a esta situación; ello con el propósito de evitarle inconvenientes en el futuro.

Por las razones antes expresadas, en etapa de reconsideración y al amparo de las disposiciones de la Regla 50 de nuestro Reglamento se ratifica la desestimación, por falta de jurisdicción, del recurso radicado por el peticionario Rodríguez Meléndez, confirmándose la Sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.

---

(³) Por otro lado, la jurisprudencia de este Tribunal —anterior a la mencionada enmienda— referente a esta materia, esto es, el cómputo de los términos jurisdiccionales para acudir en revisión ante este Tribunal, igualmente resulta aplicable únicamente en la esfera civil. Véanse: *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82 (1962); *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966); *Canales v. Converse de Puerto Rico, Inc.*, 129 D.P.R. 786 (1992); *García Claudio v. García Guevara*, 145 D.P.R. 659 (1998); *Rodríguez et al. v. A.R.Pe.*, 149 D.P.R. 111 (1999).

Ello *no* implica, sin embargo, que este Tribunal —ante una clara violación del debido procedimiento de ley— en el futuro no pueda aplicar en la esfera criminal la norma jurisprudencial establecida en los casos antes citados; esto es, en un caso en que la fecha de notificación de la sentencia, resolución u orden se lleve a efecto en fecha distinta y distante de la fecha en que se llevó a cabo el archivo en autos de la copia de la referida sentencia, resolución u orden.

El presente caso, sin embargo, *no* es el apropiado para ello. Aquí, como hemos visto, la notificación se hizo al siguiente día del archivo en autos de copia de la resolución emitida por el Tribunal de Circuito de Apelaciones, denegatoria de la moción de reconsideración interpuesta, situación que, ciertamente, no resulta violatoria del debido proceso de ley.