Rafael L. García Claudio, Carmen R. Feliciano Pérez y otros, demandantes y peticionarios, v. Flavia M. García Guevara, Grisel M. García Guevara y otros, demandados y recurridos.

Número: CC-97-713          Resuelto: 11 de junio de 1998

*Luis R. Mellado-González*, abogado de los peticionarios; *Luis E. Laguna Mimoso*, abogado de los recurridos.

PER CURIAM:

# I

El 12 de mayo de 1997 el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Heydee Pagani Padró, Juez), dictó sentencia en un pleito de partición de herencia y de reclamación de crédito, cuyo decreto fue que los bienes del causante Rafael García Mirabal eran privativos, con excepción de los gananciales que se encontraban en su residencia.

El 2 de junio, Rafael García Claudio *et al.* solicitaron las determinaciones de hecho enmendadas y adicionales, y de reconsideración. El Tribunal de Primera Instancia *acogió* la moción el 13 de junio. Subsiguientemente, el 27 de junio la declaró sin lugar; en cuanto a esta resolución, se consigna en el boleto de notificación que el 2 de julio se archivó en autos una copia de su notificación. Sin embargo, no fue hasta el 16 de julio que se notificó la copia de dicha resolución mediante el depósito en el correo.[1]

García Claudio *et al.* apelaron al Tribunal de Circuito de Apelaciones el 15 de agosto. El 25 de septiembre dicho foro desestimó la apelación por falta de jurisdicción. Concluyó que García Claudio *et al.* lo habían presentado con una demora fatal de cuarenta y cuatro (44) días del archivo en autos de la copia de la notificación de la resolución en la cual se adjudicaba definitivamente la moción para solicitar la reconsideración y las determinaciones de hecho enmendadas o adcionales oportunamente acogidas. En reconsideración, reiteró su dictamen. No conformes, recurrieron éstos mediante una petición de *certiorari*.[2]

---

[1] El apéndice de la petición de *certiorari* incluyó una copia del sobre sellado por el correo y con el timbre del Tribunal General de Justicia, Sala de Carolina, con *fecha de 16 de julio de 1997.*

[2] El 15 de diciembre de 1997 la recurrida Flavia M. García Guevara nos pidió la desestimación del recurso, porque "la interpretación [sic] de una Moción de Reconsideración en el Tribunal de Circuito de Apelaciones es idéntica a la Moción de Re-

En virtud de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, reconsideramos nuestra negativa original a expedir; convencidos, sin ulterior trámite, revocamos.

## II

El único señalamiento de error es el cómputo del término para apelar. García Claudio *et al.* aducen que debió ser desde el verdadero depósito en el correo de la notificación de la resolución sobre la reconsideración, esto es, el 16 de julio. En su abono argumentan que sólo tuvieron siete (7) días *laborables* para presentar su apelación, pues la Secretaría del tribunal de instancia les remitió la copia de la notificación de la resolución catorce (14) días más tarde. Veamos.

Reiteramos una vez más la normativa de que el término jurisdiccional de treinta (30) días naturales para interponer una apelación comienza el día siguiente al archivo en autos de copia de la notificación de la sentencia, o de las resoluciones para resolver definitivamente la moción en la cual se solicitan enmiendas o determinaciones iniciales o adicionales (Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III) y la moción de reconsideración debidamente acogida (Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III). La Regla 68.1 de Procedimiento Civil, 32

consideración en el Tribunal Superior. Una Moción de Reconsideración no interrumpe el término para revisar automáticamente, para ello, tiene que ser acogida".

*No tiene razón.* La Ley Núm. 249 de 25 de diciembre de 1995 enmendó así la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III:

"La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. *El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración.*" (Énfasis suplido.)

La Regla 84(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, reafirma ese trámite.

L.P.R.A. Ap. III,(³) excluye del cómputo los sábados, domingos o días feriados cuando el plazo vence en uno de esos días. Si excluyéramos los días feriados, entonces el plazo sería más de treinta (30) días. No cabe, pues, el argumento de que únicamente tuvieron siete (7) días laborables.

■ Ahora bien, en *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82, 88 (1962), indicamos que "[c]omo cuestión práctica y de realidad la notificación de la sentencia y el archivo en autos de una copia de dicha notificación son actos que se realizan al mismo tiempo y la experiencia demuestra que *normalmente* así es". (Énfasis suplido.) En otras palabras, de ordinario, debe haber simultaneidad o proximidad entre los actos del archivo en autos y la notificación, mediante su depósito en el correo. "[S]i en una ocasión ocurriera el peligro por un acto de extrema negligencia del secretario, siempre habría medios para proteger los derechos de una parte así perjudicada." Íd. Así, en *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966), consideramos que se entenderá que ésta fue archivada y el término comenzó a transcurrir el día que se cursó la notificación a las partes por la Secretaría del tribunal; ello para proteger los derechos de la parte perjudicada por una notificación que se haya entregado con mucha demora. Véase, además, *Canales Velázquez v. Converse de Puerto Rico, Inc.*, 129 D.P.R. 786 (1992). Este trato excepcional remedia el perjuicio causado a las partes por una notificación extremadamente tardía que sustancialmente afecta el término para revisar.

---

(³) Dispone:

"*Cómo se computan*

"En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Cuando el plazo prescrito o concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad." 32 L.P.R.A. Ap. III, R. 68.1.

En el caso de autos, la tardanza disminuyó catorce (14) días, casi la mitad del término integral de treinta (30) días. Matemáticamente, se trata de una circunstancia extraordinaria, poco usual, que ameritaba que el Tribunal de Circuito de Apelaciones computara el término jurisdiccional desde que *realmente* se depositó en el correo la notificación. Su enfoque contrario y tan riguroso afectó el derecho de García Claudio *et al.* a que les resolvieran en sus méritos la apelación. Erró al desestimar el recurso por falta de jurisdicción.

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García disintió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.