En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Rafael Luis Garcia Cláudio y otros<br>    Demandante-Peticionaria<br><br>   .V<br><br>Flavia Maria García Guevara y otros<br><br>    Demandada-Recurrida | Certiorari<br><br>98TSPR66 |

Número del Caso: CC-97-0713

Abogados Parte Peticionaria: Lcdo. Luis R. Mellado González

Abogados Parte Recurrida: Lcdo. Luis E. Laguna Mimoso

Tribunal de Instancia: Superior, Sala de Carolina

Juez del Tribunal de Primera Instancia: Hon. C. Heydee Pagani Padró

Tribunal de circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hons. Brau Ramírez, Colón Birriel y Pesante Martínez

Fecha: 6/11/1998

Materia: Partición de Herencia

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael L. García Claudio,
Carmen R. Feliciano Pérez
y otros

    Demandantes-peticionarios

       v.                       CC-97-713      Certiorari

Flavia M. García Guevara,
Grisel M. García Guevara y
otros

    Demandados-recurridos

PER CURIAM

San Juan, Puerto Rico, a 11 de junio de 1998

I

El 12 de mayo de 1997, el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Heydee Pagani Padró), dictó Sentencia en un pleito de partición de herencia y reclamación de crédito, en que decretó que los bienes del causante Rafael García Mirabal eran privativos, con excepción de los gananciales que se encontraban en su residencia.

El 2 de junio, Rafael García Claudio, et al., solicitaron determinaciones de hechos enmendadas y adicionales, y reconsideración. El Tribunal de Primera Instancia **acogió** la moción el 13 de junio. Subsiguientemente, el 27 de junio la declaró sin

lugar, resolución que el boleto de notificación consigna que se archivó en autos copia de su notificación el 2 de julio. Sin embargo, no fue hasta el 16 de julio, que se notificó copia de dicha resolución mediante el depósito en el correo.[1]

García Claudio et al., apelaron al Tribunal de Circuito de Apelaciones el 15 de agosto. El 25 de septiembre dicho foro desestimó la apelación por falta de jurisdicción. Concluyó que García Claudio, et al. lo habían presentado con una demora fatal de cuarenta y cuatro (44) días del archivo en autos de copia de la notificación de la resolución adjudicando definitivamente la moción solicitando reconsideración y determinaciones de hechos enmendadas o adcionales oportunamente acogida. En reconsideración reiteró su dictamen. No conformes, recurrieron éstos mediante certiorari.[2]

---

[1] El apéndice de la Petición de Certiorari incluyó copia del sobre sellado por el correo con timbre del Tribunal General de Justicia, Sala de Carolina, **fechado el 16 de julio de 1997.**

[2] El 15 de diciembre de 1997 la recurrida Flavia M. García Guevara nos pidió la desestimación del recurso porque "la interpretación [sic] de una Moción de Reconsideración en el Tribunal de Circuito de Apelaciones es idéntica a la Moción de Reconsideración en el Tribunal Superior. Una Moción de Reconsideración no interrumpe el término para revisar automáticamente, para ello, tiene que ser acogida."

**No tiene razón.** La Ley Núm. 249 de 25 de diciembre de 1995, enmendó así la Regla 47 de Procedimiento Civil:

"La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia

En virtud de la Regla 50 de nuestro Reglamento, reconsideramos nuestra negativa original a expedir y convencidos, sin ulterior trámite, revocamos.

II

El único señalamiento de error es el cómputo del término para apelar. García Claudio <u>et al.</u>, aducen que debió ser desde el verdadero depósito en el correo de la notificación de la resolución sobre reconsideración, esto es, el 16 de julio. En su abono argumentan que sólo tuvieron siete (7) días **laborables** para presentar su apelación, pues la Secretaría del Tribunal de Instancia les remitió copia de la notificación de la resolución catorce (14) días más tarde. Veamos.

Reiteramos una vez más la normativa de que el término jurisdiccional de treinta (30) días calendarios para interponer una apelación comienza el día siguiente al archivo en autos de la notificación de la sentencia, o de las resoluciones resolviendo definitivamente la moción solicitando enmiendas o determinaciones iniciales o adicionales (Regla 43.4) y la moción de reconsideración debidamente acogida (Regla 47). La Regla 68.1 de

---

de la notificación de la resolución o sentencia, presentar una moción de reconsideración. **El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración."** (Enfasis nuestro).

La Regla 84(a) del Reglamento del Tribunal de Circuito de Apelaciones reafirma ese trámite.

Procedimiento Civil[3] excluye del cómputo los sábados, domingos o días feriados cuando el plazo vence uno de esos días. Si excluyéramos los días feriados, entonces el plazo sería más de treinta (30) días. No cabe pues el argumento de que únicamente tuvieron siete (7) días laborables.

Ahora bien, en Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82, 88 (1962) indicamos que "[c]omo cuestión práctica y de realidad la notificación de la sentencia y el archivo en autos de una copia de dicha notificación son actos que se realizan al mismo tiempo y la experiencia demuestra que **normalmente** así es". (Enfasis nuestro). En otras palabras, de ordinario debe haber simultaneidad o proximidad entre los actos de archivo en autos y la notificación mediante su depósito en el correo. "[S]i en una ocasión ocurriera el peligro por un acto de extrema negligencia del secretario, siempre habría medios para proteger los derechos de una parte así perjudicada." (Id.)

---

[3]  Reza:

   **"Cómo se computan**

   En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Cuando el plazo prescrito o concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo.

Así, en <u>Vda. de Carmona</u> v. <u>Carmona</u>, 93 D.P.R. 140 (1966) consideramos que se entenderá que la misma fue archivada y el término comenzó a correr el día que se cursó la notificación a las partes por la Secretaría del Tribunal, ello para proteger los derechos de la parte perjudicada por una notificación muy demorada. Véase además, <u>Canales Velázquez</u> v. <u>Converse de P.R.,</u> res. en 30 de enero de 1992. Este trato excepcional remedia el perjuicio causado a las partes por una notificación extremadamente tardía que sustancialmente afecta el término para revisar.

En el caso de autos, la tardanza disminuyó catorce (14) días, casi la mitad, del término integral de treinta (30) días. Matemáticamente, se trata de una circunstancia extraordinaria, poco usual, que ameritaba que el Tribunal de Circuito de Apelaciones computara el término jurisdiccional desde que **realmente** se depositó en el correo la notificación. Su enfoque contrario y tan riguroso afectó el derecho de García Claudio <u>et al.</u> a que les resolvieran en sus méritos la apelación. Erró al desestimar el recurso por falta de jurisdicción.

Se dictará la correspondiente sentencia.

---

Medio día feriado se considerará como feriado en su totalidad."

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael L. García Claudio,
Carmen R. Feliciano Pérez
y otros

    Demandantes-peticionarios


       v.                            CC-97-713       Certiorari

Flavia M. García Guevara,
Grisel M. García Guevara y
otros

    Demandados-recurridos


SENTENCIA


San Juan, Puerto Rico, a 11 de junio de 1998

    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se expide el auto y dicta sentencia revocatoria. El foro apelativo asumirá jurisdicción y, previo los trámites de rigor, resolverá en sus méritos la apelación.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García disiente sin opinión escrita. El Juez Asociado señor Rebollo López no intervino.


                          Isabel Llompart Zeno
                Secretaria del Tribunal Supremo