En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Eduardo Rodríguez, et. als.<br>        Recurrentes<br><br>                    V.<br><br>Administración de Reglamentos y<br>Permisos<br>        Recurrida | Certiorari<br><br>99 TSPR 131 |

Número del Caso: CC-1998-0852

Abogados de la Parte Peticionaria: Lcdo. Eric Velázquez Flores
                                   Lcda. Bethzaida Jordán Ramírez

Abogados de la Parte Recurrida:    Lcdo. Víctor F. Vargas Baigés

Agencia Administrativa:  ARPE

Tribunal de  Circuito de Apelaciones: Circuito Regional IV

Panel Integrado por:      Hon. Rossy García
                          Hon. Martínez Torres
                          Hon. Rodríguez García

Fecha: 8/26/1999

Materia: Revisión de Decisión Administrativa

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eduardo Rodríguez, et al.

    Recurrentes

      v.                     CC-1998-852      Certiorari

Administración de Reglamentos
y Permisos

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 26 de agosto de 1999.

## I.

Los señores Eduardo Rodríguez, Nelson Rodríguez, Dr. Themístocles Ramírez Schon, Flavio Acarón, Rafael Montalvo, Eduardo Cortés, Dr. Nazario Ramírez, Gustavo Almodovar, José A. Milián, Eric Velázquez Flores, junto a las señoras Hortencia Cesaní Bellaflores, Irma Méndez, Norma Trabal, Matilde Simón y Bethzaida Jordán Ramírez (en adelante "los peticionarios") recurren ante este Tribunal y nos solicitan revisar una resolución emitida por el Tribunal de Circuito de Apelaciones mediante la cual éste

desestimó el recurso de revisión del dictamen de una agencia administrativa instado por aquéllos aduciendo falta de jurisdicción por no haberse presentado dentro del término jurisdiccional correspondiente. Revocamos.

## II.

El señor Américo Rodríguez Vivaldi solicitó de la Administración de Reglamentos y Permisos (en adelante "ARPE") la aprobación de un anteproyecto para la construcción de un edificio de apartamentos en un solar de su propiedad. El área donde habría de erigirse la construcción estaba zonificada por ARPE como R-1. Los residentes del área –aquí peticionarios- fueron notificados del trámite instado ante ARPE. Así, el 2 de diciembre de 1997, recibieron una notificación sobre una vista pública a efectuarse el 18 de diciembre de 1997 donde ARPE habría de considerar el proyecto en cuestión.[1] El 8 de diciembre de 1997, mediante moción al efecto, los peticionarios manifestaron estar interesados en participar en la vista representados por abogados, pero por razón de que éstos tenían compromisos previos pautados para la misma fecha se hacía imperativo su suspensión. Asimismo, solicitaron un término no menor de noventa (90) días para presentar sus objeciones al anteproyecto y contratar peritos. Mediante "Orden" de 11 de diciembre de 1997, ARPE declaró sin lugar la moción de suspensión previamente presentada. Entendió que el término de noventa (90) días requerido por los peticionarios "e[ra] sumamente extenso". Aunque el 15 de diciembre de 1997[2] fue presentada por los peticionarios una "Moción de Reconsideración", la vista fue celebrada según había sido

---

[1] Este anteproyecto contemplaba una variación en uso.
[2] Es decir, el mismo día en que los peticionarios recibieron la orden denegando la suspensión de la vista.

pautada. En ella no participaron ni los peticionarios ni sus abogados.

Así las cosas, el oficial que la presidió preparó un informe de 20 de febrero de 1998 recomendando favorablemente la aprobación del anteproyecto aunque sujeto a que se cumplieran varias condiciones[3].

Mediante Resolución de 1 de abril de 1998, archivada en autos su notificación el 7 de abril de 1998, ARPE aprobó el anteproyecto y autorizó la preparación de los planos de construcción conforme a los términos dispuestos en la propia resolución. La determinación de ARPE no fue realmente notificada, sin embargo, hasta el 21 de abril de 1998. Dicha resolución fue notificada a los peticionarios mediante entrega personal.

El 29 de abril de 1998 los peticionarios presentaron ante la agencia una moción de reconsideración. El 1 de mayo de 1998, ARPE emitió una orden acogiendo la moción de reconsideración, la cual fue notificada el 14 de mayo de 1998. Posteriormente, mediante orden de **24 de junio de 1998, copia de cuya notificación fue archivada en autos el 8 de julio de 1998, ARPE denegó la moción de reconsideración. La notificación fue realmente depositada en el correo el 17 de julio de 1998 y recibida por** los peticionarios el 20 de julio de 1998.

Así las cosas, el 14 de agosto de 1998, los peticionarios presentaron solicitud de revisión ante el Tribunal de Circuito de Apelaciones. Este último, mediante resolución de 8 de octubre de 1998, notificada el 16 de octubre de 1998, desestimó el recurso aduciendo falta de jurisdicción. Razonó el tribunal apelativo que habiéndose archivado en autos copia de la

---

[3] Específicamente, obtener los endosos de la Autoridad de Energía Eléctrica y del Municipio de Mayagüez, así como, obtener un permiso de la Junta de Calidad Ambiental para una planta de tratamiento de aguas usadas.

resolución de ARPE —mediante la cual aprobó el anteproyecto— el 1 de abril de 1998, la presentación de la moción de reconsideración el 29 de abril de 1998 fue hecha fuera del término jurisdiccional que a esos fines provee la Ley de Procedimiento Administrativo Uniforme. Así también, entendió que no podía reconocerle ningún efecto interruptor a la moción tardíamente presentada en relación con los términos para instar la correspondiente revisión judicial.

Inconformes, los peticionarios recurrieron ante nos mediante petición de *certiorari* alegando la comisión del siguiente error:

> "Erró el Tribunal de Circuito de Apelaciones al desestimar el recurso instado aduciendo falta de jurisdicción, porque alegadamente la moción de reconsideración radicada el 29 de abril de 1998 se presentó fuera de término. El Tribunal Apelativo equivocadamente determinó que el término comenzó a transcurrir en la fecha que se certifica en la notificación, o sea el 7 de abril de 1998".

Mediante Resolución de 15 de enero de 1999, notificada el 21 de enero de 1999, le concedimos a ARPE un término de veinte (20) días para comparecer ante nos y mostrar causa por la cual no debíamos revocar la resolución del Tribunal de Circuito de Apelaciones mediante la cual se desestimó por falta de jurisdicción el recurso presentado por los peticionarios.

Habiéndole concedido dos (2) prórrogas a la parte recurrida, previa presentación de sendas mociones a esos efectos[4], ARPE no ha comparecido. En consecuencia se tiene el caso por sometido, y se resuelve según lo intimado.

### III.

La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme (en adelante "LPAU"), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2165, provee

para que la parte adversamente afectada por una determinación de una agencia administrativa pueda solicitar reconsideración ante dicha agencia  Específicamente, en lo que nos es pertinente, la ley dispone lo siguiente:

> "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.  La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla.  Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.  Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.[...]."

De otra parte, la Sección 4.2 de LPAU, 3 L.P.R.A. sec. 2173, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de los treinta (30) días, contados a partir de la fecha del archivo en autos de copia de la orden o resolución final de la agencia.  Dicho término es de carácter improrrogable y jurisdiccional.  Es decir, ni los tribunales ni las agencias administrativas tienen discreción para extender dicho término y abrogarse una jurisdicción que no tienen. *Méndez v. Corp. Quintas San Luis*, 127 D.P.R. 635, 637 (1991).

Recientemente, en *García Claudio v. García Guevara*, Op. Per Curiam de 11 de junio de 1998, 98 TSPR 66 (1998), 98 J.T.S. 70, tuvimos ocasión de enfrentarnos a una controversia análoga a la del caso de autos.

---

[4] "Moción Solicitando Término Adicional" de 11 de febrero de 1999 y otra, titulada "Moción Solicitando Término Adicional" de 16 de febrero de 1999.

Tratábase aquel caso de un procedimiento de partición de herencia donde el tribunal de primera instancia determinó que los bienes de un causante eran privativos. Oportunamente, la parte perjudicada por el dictamen del tribunal de instancia solicitó determinaciones de hechos adicionales y reconsideración. El 13 de junio de 1997, el tribunal *a quo* acogió la reconsideración. El 27 de junio del mismo año, la declaró sin lugar, archivándose en autos copia de la notificación el 2 de julio de 1997. No obstante, no fue hasta el 16 de julio de 1997 que efectivamente los funcionarios de secretaría notificaron copia de la resolución a través de su depósito en el correo. Así las cosas, el 15 de agosto de 1997, los perjudicados apelaron al Tribunal de Circuito de Apelaciones. El 25 de agosto del mismo año, el foro apelativo desestimó la apelación aduciendo que "lo habían presentado con una demora fatal de cuarenta y cuatro (44) días del archivo en autos de copia de la notificación de la resolución adjudicando definitivamente la moción solicitando reconsideración y determinaciones de hechos enmendadas o adicionales oportunamente acogida." *García Claudio v. García Guevara, supra*, pág. 1027.

Al evaluar la situación fáctica del caso, reiteramos allí que el término jurisdiccional de treinta (30) días para interponer una apelación comienza al día siguiente del archivo en autos de copia de la notificación de la sentencia o de la resolución resolviendo definitivamente la moción solicitando enmiendas o determinaciones iniciales o adicionales y la moción de reconsideración. Asimismo, citando con aprobación lo resuelto en *Figueroa Rivera v. Tribunal Superior*, 85 D.P.R. 82, 88 (1962) señalamos la importancia de que exista simultaneidad entre los actos de archivar en autos y notificar mediante el depósito en el correo. Anticipamos, también, que en la eventualidad de que por la negligencia de algún funcionario de

secretaría no aconteciera conforme a la mejor práctica, entonces se entendería "que la misma fue archivada y el término comenzó a correr el día en que se cursó la notificación a las partes[...]." Ello, así, con la evidente intención de proteger los derechos de la parte afectada por la demora en la notificación. Véase, además, *Canales v. Converse de Puerto Rico, Inc.*, 129 D.P.R. 786, 790 (1992); *Vda. de Carmona v. Carmona*, 93 D.P.R. 140 (1966).[5]

No obstante, reconocimos allí y reiteramos ahora, que se trata de una situación de carácter excepcional que sólo procede cuando "una notificación tan tardía pudiera afectar el término para revisar". *García Claudio v. García Guevara, supra,* pág. 1028.

De otra parte, aún cuando la doctrina establecida en *García Claudio v. García Guevara, supra*, surge en el contexto de una sentencia notificada por el tribunal de instancia – a diferencia del caso de autos donde la notificación surge en el ámbito del derecho administrativo – por analogía acogemos el principio rector allí establecido y lo aplicamos a los hechos del de autos. Sobre todo, cuando al así hacerlo fortalecemos la naturaleza rápida, justa y económica de los procedimientos administrativos. *Aixa M. Ortíz Ocasio v. Adm. de Sist. de Retiro de Emp. Gub.*, Op. de 19 de marzo de 1999, 99 TSPR 29 (1999), 99 J.T.S. 33.

En el presente caso, ARPE emitió una resolución el 1ro de abril de 1998, siendo ésta archivada el 7 de abril de 1998. Sin

---

[5] Debemos señalar que recientemente nuestra Asamblea Legislativa aprobó la Ley Núm. 40 de 10 de enero de 1999. Dicho estatuto enmienda la Regla 46 de las de Procedimiento Civil a los fines de disponer que los "términos que se calculen a partir del archivo en autos de copia de la notificación de la sentencia, resolución u orden, comenzarán a correr a partir del depósito en el correo de la notificación de la sentencia cuando esta fecha sea distinta a la del archivo en autos de la sentencia u orden del tribunal."

embargo, la misma no fue notificada sino hasta el 21 de abril de 1998 mediante entrega personal a los peticionarios en sus residencias. Dicha demora tuvo el efecto de reducir a seis (6) los veinte (20) días que tenían los peticionarios para solicitar reconsideración. Los peticionarios presentaron la moción de reconsideración ante A.R.P.E. el 29 de abril de 1998,

ocho (8) días después de haber sido notificados personalmente del dictamen. Aunque copia del dictamen de A.R.P.E. fue archivado en autos el 7 de abril de 1998, en cuyo caso el término de veinte (20) días para presentar la moción de reconsideración vencía el 27 de abril de 1998, el hecho cierto es que los peticionarios no fueron notificados hasta el 21 de abril de 1998, mediante entrega personal efectuada por A.R.P.E. Tratándose, en consecuencia, de una situación extraordinaria, dada la dilación de catorce (14) días entre el archivo en autos de la notificación y la fecha en que los peticionarios fueron efectivamente notificados mediante entrega personal del dictamen, era imperativo que el Tribunal de Circuito de Apelaciones computara el término desde la fecha en que realmente se notificó a los peticionarios.

Cónsono con ello, concluimos que la moción de reconsideración fue presentada a tiempo, y al ser acogida por ARPE paralizó el término para recurrir en revisión al foro apelativo. La determinación de ARPE denegando la moción de reconsideración el 24 de junio de 1998, fue efectivamente notificada a los peticionarios el 17 de julio de 1998 mediante su depósito en el correo. Es decir, el término jurisdiccional de treinta (30) días para solicitar la revisión judicial vencía el 16 de agosto de 1998, por lo que habiendo sido presentada la

solicitud el 14 de agosto de 1998 el tribunal *a quo* tenía jurisdicción.[6]

En consecuencia, erró el Tribunal de Circuito de Apelaciones al desestimar el recurso de revisión por falta de jurisdicción.

Por los fundamentos que preceden se expide el auto de certiorari, se revoca la resolución recurrida y se devuelven los autos al foro apelativo para que asuma jurisdicción y, previo los trámites de rigor, disponga lo que en derecho proceda.

Se dictará Sentencia de conformidad.

---

[6] Para una discusión detallada del efecto que tiene la falta de notificación sobre los términos para revisar una determinación administrativa, véase, *Pérez Villanueva v. J.A.S.A.P.*, Op. de 13 de diciembre de 1995, 139 D.P.R. ____ (1995), 95 J.T.S. 160.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eduardo Rodríguez, et al.

    Recurrentes

       v.                   CC-1998-852     Certiorari

Administración de Reglamentos
y Permisos

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de agosto de 1999.

Por los fundamentos expuestos en la Opinión Per Curiam que se hace formar parte integrante de ésta, se expide el auto de certiorari, se revoca la resolución recurrida y se devuelven los autos al foro apelativo para que asuma jurisdicción y, previo los trámites de rigor, disponga lo que en derecho proceda.

Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo.

Carmen E. Cruz Rivera
Subsecretaria del Tribunal Supremo