EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio Autónomo de Carolina Oficina Municipal de Permisos Urbanísticos, representada por Ing. Manuel Salcedo<br>      Peticionarios<br><br>      v.<br><br>Sr. José Reyes Mateo, Sr. Jorge Lay, Sr. Gabriel Martínez, Sr. Andrés Martínez, Sr. Rafael Burgos<br>      Recurridos | Certiorari<br><br>2000 TSPR 125 |

Número del Caso: CC-2000-0037

Fecha: 14/08/2000

Tribunal de Circuito de Apelaciones:  Circutio Regional VII

Juez Ponente:  Hon. Miranda de Hostos

Abogada de la Parte Peticionaria:

                Lcda. Rebecca De León Ríos

Abogado de la Parte Recurrida:

                Lcdo. José R. Franco Rivera

Materia: Injunction

      Este documento constituye un documento oficial del
      Tribunal Supremo que está sujeto a los cambios y
      correciones del proceso de compilación y publicación
      oficial de las decisiones del Tribunal. Su
      distribución electrónica se hace como un servicio
      público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined**.

Municipio Autónomo de Carolina
Oficina Municipal de Permisos
Urbanísticos, representada por
su Director Interino,
Ing. Manuel Salcedo

    Demandantes-Peticionarios

        v.                         CC-2000-37       Certiorari

Sr. José Reyes Mateo, Sr. Jorge
Lay, Sr. Gabriel Martínez,
Sr. Andrés Martínez, Sr. Rafael
Burgos

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico a 14 de agosto de 2000

El peticionario, Municipio de Carolina, solicita la revisión de una resolución dictada por el Tribunal de Circuito de Apelaciones, mediante la cual desestimó, por tardío, el recurso de *certiorari* que le fuera presentado por dicho Municipio. A través del mencionado recurso, el peticionario solicitaba la revisión de una resolución dictada por el Tribunal de Primera

Instancia, ordenándole notificar a los recurridos su determinación en cuanto a las correspondientes solicitudes de permiso de uso para sus respectivos establecimientos comerciales.

El 18 de febrero de este año, concedimos un término a la parte recurrida para mostrar causa por la cual no debíamos revocar la resolución

recurrida y devolver este asunto al Tribunal de Circuito de Apelaciones para su consideración en sus méritos.

Transcurrido el tiempo concedido, dicha parte no ha comparecido.

I

El 25 de mayo de 1999, el Tribunal de Primera Instancia dictó una resolución, archivada en autos copia de su notificación el 2 de junio de 1999, mediante la cual ordenó al peticionario, Municipio de Carolina, que notificara a los recurridos, José Reyes Mateo, Jorge Lay, Gabriel Martínez, Andrés Martínez y Rafael Burgos, los cuales son dueños de los negocios en controversia, su determinación final sobre la solicitud hecha por éstos para el permiso de uso de sus establecimientos comerciales y que se les advirtiera de su derecho a solicitar reconsideración.

Inconforme con la anterior resolución, el peticionario solicitó su reconsideración el 21 de junio de 1999. En vista de ello, el Tribunal dictó una orden el 24 de junio de 1999, archivada en autos copia de su notificación el 30 de junio de 1999, mediante la cual dispuso que dicha solicitud sería considerada en la vista señalada para el 31 de agosto. Mediante minuta, notificada el 9 de septiembre de 1999, el Tribunal de Primera Instancia se negó a reconsiderar.

Inconforme, el peticionario presentó una solicitud de *certiorari* ante el Tribunal de Circuito de Apelaciones, el 7 de octubre de 1999. El 27 de octubre, dicho Tribunal dictó una resolución, archivada en autos copia de su notificación el 9 de noviembre de 1999, mediante la cual desestimó el recurso por tardío. Determinó el Tribunal Apelativo, que como el Tribunal de Primera Instancia notificó su resolución interlocutoria el 2 de junio de 1999, el peticionario tenía hasta el 17 de junio para solicitar reconsideración y no fue hasta el 21 de junio que lo hizo, fuera del plazo legal pautado y sin justificar tal dilación. Concluyó, por lo tanto, que no se interrumpió el término para acudir en *certiorari*, el cual venció el 2 de julio de 1999, por lo que al ser presentado el 7 de octubre, fue presentado fuera del término de estricto cumplimiento, sin haber mediado justa causa para tal demora.

El 24 de noviembre de 1999, el peticionario presentó una moción de reconsideración, en la que incluyó por primera vez copia del supuesto sobre en el que se le notificó la resolución interlocutoria dictada por el Tribunal de Primera Instancia, cuyo matasellos especifica como fecha del depósito en el correo el 4 de junio de 1999. Por tal razón, el peticionario alegó que contando el término a partir de la fecha del depósito en el correo, la reconsideración ante Instancia fue presentada en tiempo.[1]

El 2 de diciembre de 1999, el Tribunal de Circuito de Apelaciones dictó resolución, archivada en autos copia de su notificación el 17 de diciembre, mediante la cual denegó la reconsideración solicitada. Determinó el Tribunal de Apelaciones, que es en su moción de reconsideración cuando el peticionario alega y acredita por primera vez que se le notificó la resolución el 4 de junio de 1999, ya que el sobre no fue incluido originalmente en el apéndice del recurso de *certiorari*; razonó, además, dicho Tribunal, que no se acreditó que dicho sobre correspondía a la resolución de marras.

Inconforme, el peticionario acude ante nos el 14 de enero del 2000, señalando como único error, que "el Tribunal de Circuito de Apelaciones erró al declararse sin jurisdicción".

II

Tanto el Artículo 4.002(f) de la Ley de la Judicatura de Puerto Rico, según enmendada, como la Regla 32(D) del Reglamento del Tribunal de Circuito de Apelaciones, establecen un término de treinta (30) días para la presentación de un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones con el fin de revisar resoluciones u órdenes del Tribunal de Primera Instancia. El término dispuesto es uno de cumplimiento estricto, excepto cuando mediaren circunstancias especiales, debidamente sustentadas en la petición de *certiorari,* para justificar la presentación tardía del recurso.

---

[1] Contando el término de 15 días a partir del 4 de junio de 1999, éste vencía el 19 de junio de 1999, que por ser sábado se prorroga al

El foro apelativo no goza de discreción para prorrogar dicho término de cumplimiento estricto automáticamente. Sólo tendrá discreción para ello cuando la parte que lo solicita demuestra justa causa para la tardanza. La justa causa no puede estar sostenida en vaguedades, excusas o planteamientos estereotipados sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza ocurrió razonablemente por circunstancias especiales. Véase Mariana Arriaga v. F.S.E., res. el 18 de marzo de 1998, 98 TSPR 27, 28; Banco Popular de P.R. v. Mun. de Aguadilla, res. el 29 de diciembre de 1997, 144 D.P.R. ___ (1997).

No obstante, la Regla 46 de Procedimiento Civil, según enmendada por la Ley Núm. 40 de 10 de enero de 1999, afectó la forma en que ha de computarse dicho término, en casos en que la fecha del archivo en autos de copia de la notificación de la sentencia, resolución u orden sea distinta a la del depósito en el correo de dicha notificación. A estos efectos dispone lo siguiente:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo. Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

Con la enmienda a la regla antes citada, se persiguió eliminar el efecto reductor del término para recurrir producido por la diferencia entre la fecha del depósito en el correo con la fecha del archivo en autos de copia de la notificación de la sentencia, orden o resolución de modo que se comience a contar el término para acudir en alzada a partir de la fecha del depósito en el correo. Esto fue lo que ocurrió en el caso de autos, con la única diferencia que el peticionario no presentó conjuntamente con su recurso copia del sobre que acreditaba la fecha del

próximo día laborable, o sea, el lunes 21 de junio de 1999.

depósito en el correo. Lo hizo, sin embargo, cuando presentó su solicitud de reconsideración, luego de que se le desestimara el recurso por tardío.

La mencionada enmienda fue sometida a nuestro escrutinio en Martínez, Inc. v. Abijoe Realty, res. el 12 de mayo de 2000, 2000 TSPR 73. En casos en que no exista simultaneidad entre el archivo en autos y la notificación por correo, el punto de partida para computar los términos **lo es el depósito en el correo**. Aunque el no incluir el sobre de envío dentro de los términos no acarrea automáticamente falta de perfeccionamiento en tiempo del recurso incoado y la consecuente falta de jurisdicción, insistimos que la mejor práctica es incluir copia del sobre sellado en que claramente conste la fecha de envío, como parte de los documentos que acreditan la jurisdicción de los tribunales apelativos.[2] Véase además, Víctor Román Acosta y otros v. Kmart Corp. y otros, res. el 30 de junio de 2000, 2000 TSPR 112.

No obstante, si una vez señalada la omisión la misma es subsanada con prontitud por el recurrente, el Tribunal tiene autoridad y obligación de atender el recurso.

En el caso de autos el Tribunal de Primera Instancia dictó la resolución apelada el 25 de mayo de 1999 y la copia de la misma fue archivada en autos el 2 de junio de 1999 pero enviada por correo el 4 de junio. El término de 15 días a partir de la puesta en el correo vencía el 19 de junio de 1999, que por ser sábado se prorrogó hasta el próximo día laborable, es decir el 21 de junio de 1999, día en que el peticionario Municipio de Carolina presentó su solicitud de reconsideración. El recurso fue presentado a tiempo. Al enterarse que su recurso en el Tribunal de Circuito de Apelaciones fue desestimado por falta de jurisdicción, dentro de los términos presentó reconsideración en la que subsanaba la falta incluyendo el sobre que acreditaba el depósito en el

---

[2] Según señalamos en Martínez, Inc. v. Abijoe Realty, supra, ni el Reglamento del Tribunal de Circuito de Apelaciones ni el de este Tribunal exigen la inclusión del sobre de envío, ya que fueron aprobados antes de la Ley. Núm. 40, supra, que enmendara la Regla 46 de Procedimiento Civil. No obstante, subsiste la obligación del recurrente de hacer formar parte de la petición un apéndice que contenga copia de todos aquellos documentos necesarios para establecer de manera fehaciente la

correo de la resolución recurrida.

Por otro lado, la parte recurrida no ha replicado en forma alguna, y mucho menos probado, las alegaciones de la parte recurrente respecto a la fecha en que la resolución de marras fue puesta en el correo.

A tenor con lo anteriormente expresado, se expide el auto de *certiorari* y se revoca el dictamen del Tribunal de Circuito de Apelaciones.  Se devuelve el caso a dicho Tribunal para que sea atendido en sus méritos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López disiente con opinión escrita.  El Juez Asociado señor Rivera Pérez inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

jurisdicción de los tribunales apelativos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio Autónomo de Carolina
Oficina Municipal de Permisos
Urbanísticos, etc.

    Demandantes-peticionarios

          v.

Sr. José Reyes Mateo y otros

    Demandados-recurridos

CC–2000–37       CERTIORARI

Opinión disidente emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 14 de agosto de 2000

Como correctamente señala el Tribunal en la Sentencia mayoritaria que emite, la enmienda que sufriera la Regla 46 de las Reglas de Procedimiento Civil por la Ley Número 40 del 10 de enero de 1999 tuvo el propósito de "...eliminar el efecto reductor del término para recurrir [en alzada] producido por la diferencia entre la fecha del depósito en el correo con la fecha del archivo en autos de copia de la notificación de la sentencia, orden o resolución de modo que se comience a contar el término para acudir en alzada a partir de la fecha del depósito en el correo".

Dicha enmienda, no hay duda, fue una bien intencionada. La misma intentó remediar una situación que se da, en ocasiones, en la cual las secretarías de nuestros tribunales de instancia no actúan con la rapidez y eficiencia a la cual nos tienen acostumbrados; ello debido, de manera principal, a la falta de personal suficiente para atender los cientos o miles de casos que a diario tiene que ser notificados en dichos tribunales.

Dicha legislación, a nuestro humilde entender, realmente <u>no</u> era necesaria. Este Tribunal, siempre atento a situaciones en que la aplicación inflexible de las normas vigentes puede llevar a que se cometan injusticias, ya había tomado <u>acción correctiva</u> al respecto. A esos efectos, véase nuestras decisiones en <u>Vda. de Carmona</u> v. <u>Carmona</u>, 93 D.P.R. 140 (1966); <u>Canales</u> v. <u>Converse de Puerto Rico, Inc.</u>, 129 D.P.R. 786 (1992); <u>García Claudio</u> v. <u>García Guevara</u>, 98 TSPR 66, res. el 11 de junio de 1998; <u>Rodríguez</u> v. <u>A.R.P.E.</u>, 99 TSPR 131, res. el 26 de agosto de 1999.

De todas formas, y en vista de que la Asamblea Legislativa entendió que la situación ameritaba acción legislativa, tenemos que lidiar con la misma; <u>ahora bien, ello de una forma y manera en que se garantice no sólo el derecho de las partes a tener su día en corte sino una en que se garantice, igualmente, la corrección y pureza de los procedimientos</u>.

Ahí, <u>precisamente</u>, la diferencia de criterio que tenemos con los restantes miembros del Tribunal. La Mayoría entiende, como hemos visto, que a pesar de que la inclusión del sobre, al originalmente radicar el recurso, en que fue enviada la sentencia, orden o resolución, constituye "la mejor práctica", ello <u>no</u> es mandatorio. <u>Somos del criterio, por el contrario, que ese requisito es uno que debe ser mandatorio</u>.

Debe enfatizarse el hecho de que, en esta clase de situaciones, <u>ese sobre hace las veces o sustituye al volante de notificación que demuestra la fecha de archivo en autos de la sentencia, razón por la cual resulta mandatorio que se incluya como parte del apéndice</u>.

Entendemos, además, que cuando se trata de un caso en que la parte peticionaria alega que la fecha de archivo en autos no corresponde a la fecha de notificación, debe exigirse que se exprese, en el recurso original, que se radique: la fecha de la sentencia, la fecha del archivo en autos de la misma y la fecha de envío que aparece en el sobre en que alegadamente se recibió la sentencia, orden o resolución.

Dichas exigencias ayudan a evitar la práctica indeseable a la que hicimos alusión en <u>Martínez</u> v. <u>Abijoe Realty</u>, res. el 12 de mayo de 2000, 73 TSPR 2000, y en unión a lo que en dicho caso requerimos --<u>a los efectos de que cuando ocurra la situación en que las dos fechas no coincidan, las secretarías deberán levantar un acta al efecto</u>-- hacen virtualmente imposible que personas inescrupulosas engañen al foro judicial.

Tenemos facultad inherente para exigir lo anteriormente expuesto, independientemente de las disposiciones de la antes citada Ley 40 del 10 de enero de 1999, ya que las exigencias antes mencionadas <u>no</u> conflijen en absoluto con las disposiciones de la referida Ley 40. Hay que recordar que la parte que acude en revisión, ante un tribunal apelativo, tiene la obligación de demostrar o probar que hay jurisdicción, de parte del tribunal apelativo, para revisar la sentencia, resolución u orden que pretende revisar.

En resumen, somos del criterio que con el propósito de evitar, al máximo, que el tribunal apelativo sea víctima de la comisión de un fraude en esta clase de situaciones, <u>debemos exigir</u>: 1) que en el recurso que se radique, la parte peticionaria haga constar la fecha de la sentencia, la fecha del archivo en autos de la misma y la fecha de envío que aparece en el sobre en que alegadamente se recibió la sentencia; 2) que la parte peticionaria <u>incluya dicho sobre</u> como parte del apéndice del recurso originalmente radicado; y 3) que el Tribunal de Circuito de Apelaciones coteje dicha información, y documento, con el acta levantada al respecto por la secretaría del tribunal de instancia recurrido.


De esta forma, <u>repetimos</u>, se garantiza no sólo que la parte tenga su día en corte sino que la corrección y pureza de los procedimientos judiciales.

FRANCISCO REBOLLO LOPEZ
Juez Asociado