CC-2000-575                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>　　　Recurrido<br><br>　　　v.<br><br>Rosendo Rodríguez Meléndez<br>　　　Peticionario | Certiorari<br><br>2000 TSPR 159 |
| --- | --- |

Número del Caso: CC-2000-575

Fecha: 30/octubre/2000

Tribunal de Circuito de Apelaciones:

　　　　　　　　　　　　　　　Circuito Regional I

Juez Ponente:

　　　　　　　　　　　　　　　Hon. Dolores Rodríguez de Oronoz

Abogados de la Parte Peticionaria:

　　　　　　　　　　　　　　　Lcda. Marisel Peña Senati
　　　　　　　　　　　　　　　Lcdo. José Neil Peña Senati
　　　　　　　　　　　　　　　Lcdo. Julio E. Gil de Lamadrid

Oficina del Procurador General:

　　　　　　　　　　　　　　　Lcdo. Miguel A. Santana Bagur
　　　　　　　　　　　　　　　Procurador General Auxiliar

Materia: Art. 166 y 202

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


**El Pueblo de Puerto Rico**

   Recurridos

        **vs.**                                CC-2000-575          **CERTIORARI**

**Rosendo Rodríguez Meléndez**

      **Peticionario**


**PER CURIAM**

San Juan, Puerto Rico a 30 de octubre de 2000

**El ministerio fiscal radicó, ante la Sala de San Juan del Tribunal de Primera Instancia unos pliegos acusatorios contra Rosendo Rodríguez Meléndez por unas alegadas infracciones a los Artículos 166(a) y 202(A) del vigente Código Penal de Puerto Rico.[1] Celebrado el correspondiente juicio, el jurado que intervino en el caso, como juzgador de los hechos, rindió veredictos de culpabilidad en relación con todos los cargos imputados. En vista a ello, el tribunal de instancia le impuso a Rodríguez Meléndez penas de prisión, a ser cumplidas las mismas en forma concurrente.**

---

[1] **33 L.P.R.A. secs. 4272(a) y 4353(a).**

Inconforme, Rodríguez Meléndez apeló ante el Tribunal de Circuito de Apelaciones, el cual foro confirmó las convicciones decretadas en instancia mediante sentencia a esos efectos. Oportunamente, Rodríguez Meléndez solicitó la reconsideración de la misma. El foro apelativo intermedio denegó la reconsideración solicitada mediante resolución, de fecha 22 de mayo de 2000, habiendo sido archivada en autos copia de la notificación de dicha resolución el día siguiente, esto es, el día 23 de mayo de 2000.

Rodríguez Meléndez acudió, vía certiorari, ante este Tribunal; recurso que radicó el día 23 de junio de 2000. El Procurador General solicitó la desestimación del mencionado recurso por haber sido radicado el mismo fuera del término jurisdiccional de treinta (30) días. Mediante Resolución, de fecha 1ro. de septiembre de 2000, una Sala Especial de Verano de este Tribunal denegó el recurso radicado por falta de jurisdicción.[2]

Inconforme, Rodríguez Meléndez solicitó la reconsideración de dicha Resolución, alegando, entre otras cosas, que la notificación que se hiciera de la resolución emitida por el Tribunal de Circuito de Apelaciones, denegatoria de la moción en solicitud de reconsideración de la sentencia emitida por dicho foro, fue hecha el día 24 de mayo de 2000, conforme ello surge del matasellos del correo del sobre en que recibió la misma. Alega, en consecuencia, Rodríguez Meléndez que el término jurisdiccional de treinta (30) días vencía el día 23 de junio de 2000, fecha en que él radicó su recurso y no el día antes; ello en vista de las disposiciones de la Ley Número 40 del 10 de enero de 1999. No le asiste la razón.

I

De acuerdo a la Regla 20(a)(1) del Reglamento del Tribunal Supremo, cuando la petición de certiorari se presente para revisar una sentencia emitida por el Tribunal de Circuito de Apelaciones, dictada la misma en un recurso de apelación conforme a lo dispuesto en el Artículo 3.002(d)(1) de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22i, el recurso se formalizará presentando la solicitud dentro del término jurisdiccional de treinta (30) días.

En el caso ante nuestra consideración, la notificación de la sentencia recurrida fue archivada en autos el 8 de mayo de 2000, por lo que el término de treinta (30) días para radicar la solicitud de certiorari expiraba el 7 de junio de 2000. Dicho término fue interrumpido por una oportuna moción de reconsideración, la cual fue declarada sin lugar mediante resolución notificada el 23 de mayo de 2000. En consecuencia, el término de treinta (30) días para radicar la solicitud de certiorari expiraba el 22 de junio de 2000. El presente recurso fue radicado ante este Tribunal el 23 de junio de 2000, esto es, un (1) día en exceso

---

[2] Sala Especial compuesta por el Juez Presidente, Sr. Andréu García, y los Jueces Asociados señores Hernández Denton, Corrada del Río y Rivera Pérez.

del término jurisdiccional provisto por ley. En consecuencia, este Tribunal carece de jurisdicción para entender en el asunto planteado.

## II

Es correcto que la antes citada Ley Número 40 del 10 de enero de 1999 enmendó la Regla 46 de las Reglas de Procedimiento Civil para establecer, en lo pertinente, que "...si la fecha de archivo en autos de copia de la notificación en la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo". Nótese que se trata de una enmienda a las Reglas de Procedimiento Civil, no a las Reglas de Procedimiento Criminal; razón por la cual la referida enmienda no es de aplicación a los términos pertinentes al caso hoy ante nuestra consideración.[3]

En vista del planteamiento que, a esos efectos, ha hecho el peticionario Rodríguez Meléndez y del hecho que el Procurador General no ha cuestionado el mismo, hemos entendido conveniente y procedente alertar a la profesión legal respecto a esta situación; ello con el propósito de evitarle inconvenientes en el futuro.

Por las razones antes expresadas, en etapa de reconsideración y al amparo de las disposiciones de la Regla 50 de nuestro Reglamento se ratifica la desestimación, por falta de jurisdicción, del recurso radicado por el peticionario Rodríguez Meléndez, confirmándose la Sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones.

Se dictará Sentencia de conformidad.

---

[3] Por otro lado, la jurisprudencia de este Tribunal --anterior a la mencionada enmienda-- referente a esta materia, esto es, el cómputo de los términos jurisdiccionales para acudir en revisión ante este Tribunal, igualmente resulta aplicable únicamente en la esfera civil. Véase: Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82 (1962); Vda. de Carmona v. Carmona, 93 D.P.R. 140 (1966); Canales v. Converse de Puerto Rico, Inc., 129 D.P.R. 786 (1992); García Claudio v. García Guevara, res. 11 de junio de 1999, 98 TSPR 66; Rodríguez v. A.R.P.E., res. 26 de agosto de 1999, 99 TSPR 131.

Ello no implica, sin embargo, que este Tribunal --ante una clara violación del debido procedimiento de ley-- en el futuro no pueda aplicar en la esfera criminal la norma jurisprudencial establecida en los casos antes citados; esto es, en un caso en que la fecha de notificación de la sentencia, resolución u orden se lleve a efecto en fecha distinta y distante de la fecha en que se llevó a cabo el archivo en autos de la copia de la referida sentencia, resolución u orden.

El presente caso, sin embargo, no es el apropiado para ello. Aquí, como hemos visto, la notificación se hizo al siguiente día del archivo en autos de copia de la resolución emitida por el Tribunal de Circuito de Apelaciones, denegatoria de la moción de reconsideración interpuesta, situación que, ciertamente, no resulta violatoria del debido proceso de ley.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**El Pueblo de Puerto Rico**

Recurridos

**vs.**                                                     CC-2000-575          **CERTIORARI**

**Rosendo Rodríguez Meléndez**

**Peticionario**

**SENTENCIA**

San Juan, Puerto Rico a 30 de octubre de 2000

  **Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, y al amparo de las disposiciones de la Regla 50 del Reglamento de este Tribunal, se desestima el recurso de certiorari radicado por el peticionario Rodríguez Meléndez, por falta de jurisdicción, y en consecuencia se confirma la sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones.**

  **Lo acordó el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Fuster Berlingeri no intervino.**

**Isabel Llompart Zeno**
Secretaria del Tribunal Supremo