ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **DANIEL RIVERA COLÓN**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202400129 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br><br>Caso Núm:<br>**GUE-11771** |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de abril de 2024.

Ante esta Curia Apelativa compareció Daniel Rivera Colón (en adelante, Recurrente) y solicita que revisemos una *Resolución* del Comité de Clasificación y Tratamiento[1], emitida el 18 de enero de 2024.

Al examinar el escrito sometido por el Recurrente, en unión al Acuerdo del Comité de Clasificación y Tratamiento en controversia, no albergamos duda que la comparecencia del Recurrente fue a destiempo, por lo que nos vemos precisados a desestimar la causa de epígrafe. (Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C). Veamos.

Es por todos conocido, que la parte adversamente afectada por una decisión final de un foro administrativo tiene derecho a recurrir en alzada ante este Tribunal de Apelaciones en recurso de revisión judicial. Para ello el litigante perjudicado cuenta con 30 días jurisdiccionales[2] contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución final de la agencia.

---

[1] División adscrita al Departamento de Corrección y Rehabilitación de Puerto Rico.
[2] Los términos jurisdiccionales se caracterizan por ser fatales, insubsanables e improrrogables. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

Articulo 4.006(c) de la Ley Núm. 201–2003, mejor conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y(c); Sec. 4.2 de la Ley Núm. 38–2017, mejor conocida como la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9672 (en adelante, LPAU); Regla 56 y 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56).  Huelga decir, por tanto, que todo recurso presentado pasado el término antes indicado se considerará tardío y, por consiguiente, este foro estará vedado de entrar a revisar la decisión en cuestión pues careceremos de jurisdicción para ello. *Rodríguez et al. v. A.R.P.E.,* 149 DPR 111, 116 (1999).

En el caso de epígrafe, el Departamento de Corrección y Rehabilitación, a través del Comité de Clasificación y Tratamiento emitió y notificó una Resolución, el 18 de enero de 2024. En la cual, determinó que el Recurrente debía permanecer en custodia máxima. Por lo anterior, la parte Recurrente contaba con 30 días a partir de esa fecha para recurrir ante nosotros en recurso de revisión judicial. Consecuentemente, bajo este escenario, el término jurisdiccional vencía el 20 de febrero de 2024[3].  Ahora bien, no empece al claro mandato de nuestro derecho administrativo, el Recurrente, compareció a este foro intermedio el 22 de febrero de 2024, vencido el término de 30 días concedido por nuestro ordenamiento jurídico.

Ante lo expuesto, no cabe duda de que carecemos de autoridad para intervenir en el caso de marras.  Por consiguiente, como la falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009); *García v. Hormigonera*

---

[3] Para acreditar nuestra jurisdicción, el Recurrente incluyó copia del sobre que contiene un matasellos del servicio postal fechado el 5 de marzo de 2024. Aun tomando la fecha más beneficiosa para el confinado, entiéndase, la fecha en que suscribió el documento, este está tardío.

*Mayagüezana,* 172 DPR 1, 7 (2007)*; Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991).

Por los fundamentos que preceden, desestimamos el recurso de revisión judicial presentado por el Recurrente.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones