SENTENCIA
Mediante esta petición de certiorari se nos solicita que revisemos una sentencia emitida por el Tribunal de Apelaciones. En ella, el foro apelativo intermedio determinó que una notificación de una resolución en la que no se le informó a la parte perjudicada de su derecho a instar un recurso de apelación, es defectuosa. Como consecuencia de este defecto, el foro apelativo intermedio concluyó que los términos para presentar el recurso de apelación no comenzaron a transcurrir.
Veamos los hechos que dieron marcha a la controversia.
*855 I
El 12 de julio de 2007, la Sra. Nayda Moreno González presentó una querella al amparo del procedimiento sumario de reclamaciones laborales,(1) en el Tribunal de Primera Instancia, Sala Superior de Aguada, en contra de la Cooperativa de Ahorro y Crédito de Añasco (la Cooperativa). En su querella, la señora Moreno González reclamó unas comisiones que alegadamente había dejado de recobrar durante el periodo de junio de 2004 hasta julio de 2007.
Luego de celebrado el juicio, el 9 de junio de 2008, el Tribunal de Primera Instancia dictó sentencia en la que desestimó la querella presentada por la señora Moreno González, por entender que aplicaba la doctrina de cosa juzgada.(2) Oportunamente, el 18 de junio de 2008, la señora Moreno González presentó una moción de reconsideración, la cual fue acogida por el foro primario.
Luego de varios trámites procesales, el 2 de julio de 2008, el Tribunal de Primera Instancia emitió una Resolución para declarar “no ha lugar” la moción de reconsideración presentada por la señora Moreno González. Ese mismo día, el foro primario le notificó a las partes su determinación mediante el formulario OAT-750.(3)
Inconforme con la determinación del Tribunal de Primera Instancia, el 5 de agosto de 2008, la señora Moreno González presentó un recurso de apelación ante el Tribunal de Apelaciones.(4) En este recurso, la señora Moreno González alegó que el foro primario erró al aplicar la doctrina de cosa juzgada. Por su parte, la Cooperativa replicó *856 y le solicitó al foro apelativo intermedio que desestimara el recurso de apelación presentado por la señora Moreno González. Ello, por entender que la apelación fue presentada fuera del término jurisdiccional de treinta días. El foro apelativo intermedio declaró “no ha lugar” la oposición de la Cooperativa y determinó que el recurso de apelación fue presentado en el término jurisdiccional, el 5 de agosto de 2008.(5)
Luego de varios trámites procesales, el 22 de octubre de 2008, el Tribunal de Apelaciones dictó sentencia en la que desestimó el recurso de apelación presentado por la señora Moreno González por entender que era prematuro. En su sentencia, el foro apelativo intermedio determinó que el Tribunal de Primera Instancia erró al notificar su orden mediante el formulario OAT-750, debido a que tal formulario no le notifica a las partes de su derecho de apelar una determinación final. A esos efectos, el foro apelativo intermedio sostuvo que el formulario que debió utilizarse era el OAT-082,(6) el cual, además de fijar la fecha del archivo en autos de la copia de la resolución, notifica a las partes de su derecho a apelar la determinación. Consecuentemente, el Tribunal de Apelaciones concluyó que la notificación hecha por el Foro de Primera Instancia fue defectuosa por lo que no había comenzado a transcurrir el término jurisdiccional de treinta días para presentar el recurso de apelación. Por ello, ordenó la devolución del caso al foro primario para que notificara nuevamente a las partes la resolución emitida el 2 de julio de 2008, esta vez utilizando el formulario OAT-O82.(7)
Inconforme con el dictamen emitido por el Tribunal de Apelaciones, la Cooperativa presentó ante nos una petición *857 de certiorari en la que señaló la comisión de los errores siguientes:

ERRÓ EL HONORABLE TRIBUNAL DE APELACIONES AL DETERMINAR QUE LA PARTE QUERELLANTE-RECU-RRIDA CUMPLIIÓ] CON EL T[É]RMINO JURISDICCIO-NAL DE TREINTA (30) DÍAS PARA RECURRIR A DICHO FORO.

ERRÓ EL HONORABLE TRIBUNAL DE APELACIONES AL DETERMINAR QUE LA NOTIFICACI[Ó]N DE SENTENCIA DEL TRIBUNAL DE PRIMERA INSTANCIA NO ERA SUFI-CIENTE EN DERECHO. (Énfasis en el original.) Petición de certiorari, pág. 5.
El 12 de junio de 2009, emitimos una resolución en la que le concedimos a la señora Moreno González un término de veinte días para que mostrara causa por la cual no debíamos expedir la petición de certiorari presentada por la Cooperativa y revocar la sentencia dictada por el Tribunal de Apelaciones. No habiendo comparecido la parte recurrida, procedemos a resolver.
II
En este caso debemos determinar si el recurso de apelación interpuesto por la señora Moreno González ante el Tribunal de Apelaciones fue presentado en el término jurisdiccional de treinta días. Además, debemos determinar si la notificación de la resolución del Tribunal de Primera Instancia en la que adjudicaba la moción de reconsideración, en la que no se le advierte a las partes del derecho a apelar, constituye o no una notificación defectuosa que impide que comience a transcurrir el término jurisdiccional para instar un recurso de apelación.
A. La Regla 53.1(c) de Procedimiento Civil(8) dispone, en lo pertinente, que el término jurisdiccional de treinta días para presentar un recurso de apelación comenzará a *858 transcurrir “desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado”.(9) Cuando se trata de una moción de reconsideración, en De León Velázquez v. Frito Lay’s, Inc., 107 D.P.R. 46 (1978), expresamos que el término de treinta días para presentar un recurso de apelación comienza a transcurrir desde la fecha cuando se archiva en autos una copia de la notificación de la resolución del Tribunal de Primera Instancia en la que se resuelve definitivamente la moción de reconsideración.
A esos efectos, el Secretario tiene la obligación, entre otras cosas, de notificar la sentencia y archivar en autos copia de la constancia de la notificación. Por ello, hemos señalado que el archivo en autos de copia de la notificación a las partes de la sentencia “constituye la constancia oficial de la notificación que la ley requiere” y por su importancia “no es ni puede ser un acto caprichoso del secretario”.(10)
Con relación al deber de notificación, hemos indicado que “no es un mero requisito impuesto por las Reglas de Procedimiento Civil”.(11) Su imperiosidad se debe al efecto que tiene la notificación sobre los procedimientos posteriores a la sentencia.(12) La notificación correcta “es característica imprescindible del debido proceso de ley”.(13) En rei *859 teradas ocasiones hemos expresado que el propósito que sirve la notificación es proteger “el derecho de procurar la revisión judicial de la parte afectada por un dictamen a quo adverso”.(14) Este propósito queda reiterado por el hecho de que “si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas”.(15)
Con relación al contenido de la notificación, en Rodríguez v. Tribl. Mpal. y Ramos, 74 D.P.R. 656, 664 (1953),(16) resaltamos que:
Cuando se trata de una resolución, el tribunal notifica a las partes sin advertirles de su derecho a apelación. Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar. (Énfasis en el original suprimido y énfasis suplido.)
El fundamento reside en que una correcta y oportuna notificación de las órdenes, resoluciones y sentencias es requisito sine qua non de un sistema judicial ordenado. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.(17)
Es una norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerar este asunto, aún en ausencia de un señalamiento de las partes a esos efectos.(18) Conforme a ello, las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben resolverse con preferencia a cuales *860 quiera otras.(19) La jurisdicción no se presume toda vez que, previo a la consideración en los méritos de un recurso, el tribunal tiene que determinar si tiene la facultad para atenderlo.(20)
La falta de jurisdicción de un tribunal no es susceptible de ser subsanada.(21) Los tribunales carecen de discreción para asumir jurisdicción donde no la hay.(22) Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para dilucidarlo, actúa ilegítimamente.(23) Por ello, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime.(24)
Entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia se encuentra la presentación tardía de un recurso. Un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado, (25)
III
En este caso, el 9 de junio de 2008, el Tribunal de Primera Instancia dictó una sentencia en la que desestimó la querella presentada por la señora Moreno González. Oportunamente, el 18 de junio de 2008, la señora Moreno González presentó una moción de reconsideración, la cual fue acogida por el foro primario.
Luego de varios trámites procesales, el 2 de julio de 2008, el Tribunal de Primera Instancia dictó una resolu *861 ción en la que declaró “no ha lugar” la moción de reconsideración presentada por la señora Moreno González. Ese mismo día, el foro primario notificó a las partes su determinación. Por ello, el 3 de julio de 2008, comenzó a transcurrir el término jurisdiccional de treinta días para instar el recurso de apelación ante el Tribunal de Apelaciones.(26) Este término vencía el viernes 1 de agosto de 2008.
Sin embargo, no fue hasta el martes 5 de agosto de 2008 que la señora Moreno González presentó su recurso de apelación al Tribunal de Apelaciones, una vez transcurridos los treinta días jurisdiccionales.
La parte querellante recurrida alegó ante el foro apelativo intermedio que la dilación se debió a que la notificación se efectuó el 3 de julio de 2008 y que el día siguiente, 4 de julio, era día feriado federal. Por esta razón, según la parte querellante recurrida, la notificación fue recibida el 5 de julio de 2008. De esa forma, la representación legal de la señora Moreno González pretendió justificar la presentación tardía de su recurso de apelación. Sin embargo, el término jurisdiccional de treinta días para presentar un recurso de apelación comienza a transcurrir “desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado” o a partir del depósito en el correo de la notificación, cuando la fecha de su archivo en autos es distinta a la del deposito en el correo.(27)
Ahora bien, antes de determinar si el recurso de apelación se presentó fuera del término jurisdiccional de treinta días, debemos resolver si la notificación de la resolución del Tribunal de Primera Instancia fue defectuosa y, por ello, impidió que comenzara a transcurrir el término jurisdiccional para instar un recurso de apelación.
*862 IV
Nos encontramos ante un cuadro fáctico en el que la falta de advertencia en la notificación del Tribunal de Primera Instancia sobre el derecho a instar un recurso de apelación, no incidió en el derecho de la señora Moreno González para acudir en apelación al Tribunal de Apelaciones. Veamos.
En este caso, la señora Moreno González presentó oportunamente una moción de reconsideración de la Sentencia desestimatoria emitida por el Tribunal de Primera Instancia. Ante ello, el 2 de julio de 2008, el foro primario dictó una resolución en la que declaró “no ha lugar” la moción de reconsideración. Ese mismo día, el foro primario notificó a las partes su determinación mediante el formulario OAT-750(28) (notificación de resoluciones y órdenes), en vez del formulario OAT-082(29) (notificación de reconsideración).(30)
Luego de analizar los autos del caso, encontramos que el Tribunal de Apelaciones erró al determinar que la notificación de la resolución del Tribunal de Primera Instancia no era suficiente. Si bien es cierto que el Tribunal de Primera Instancia notificó su resolución, utilizando un formulario *863 en el que no se le advierte a las partes de su derecho a apelar, lo cierto es que el Secretario no tenía la obligación de notificarle a la señora Moreno González de tal derecho.(31) Ello, debido a que, cuando se trata de una resolución, el tribunal puede notificarle a las partes sin necesidad de advertirles de su derecho a instar un recurso de apelación.(32)
Cabe resaltar que, en este caso, la notificación no afectó el derecho de la señora Moreno González de quedar enterada de que tenía a su haber un recurso de apelación. Ello quedó evidenciado por el hecho de que la querellante recurrida presentó su recurso de apelación a pesar de que la notificación omitió informar sobre la disponibilidad de éste. Distinto fuera el caso si no se le hubiese notificado a la señora Moreno González de la fecha del archivo en autos de copia de la notificación de la resolución.
En su recurso de apelación ante el Tribunal de Apelaciones, la señora Moreno González expresó la razón por la cual presentó su apelación el 5 de agosto de 2008. En lo pertinente, la señora Moreno González explicó lo siguiente:
Se solicitó reconsideración la cual el dia [sic] dos de julio el honorable tribunal declaro [sic] no ha lugar (apéndice 3 pagina 7.[sic]) la misma fue notificada el dos de julio y recibida por el abogado de la apelante el 5 de julio ya que el 4 de julio fue feriado federal.(33) (Énfasis suplido.)
De un minucioso análisis del expediente judicial y del recurso de apelación presentado por la señora Moreno González ante el Tribunal de Apelaciones, no encontramos cuestionamiento alguno referente a la notificación emitida por el Tribunal de Primera Instancia. Por el contrario, la propia parte querellante recurrida ofreció una explicación para justificar la jurisdicción del foro apelativo intermedio *864 por haber presentado el recurso fuera del término prescriptivo de treinta días. Así lo demuestran las expresiones de la parte querellante recurrida en su escrito de apelación.
Por lo expuesto, concluimos que la notificación a la señora Moreno González no menoscabó su derecho a recurrir en alzada de la determinación del Tribunal de Primera Instancia. Adviértase que el propósito de la notificación es proteger el derecho a procurar la revisión judicial de un dictamen a quo adverso y eso fue precisamente lo que la querellante-recurrida hizo tardíamente.
En vista de lo anterior, resolvemos que la señora Moreno González fue debidamente notificada y que incumplió con el término jurisdiccional de treinta días para recurrir al Tribunal de Apelaciones.
V
Por los fundamentos expuestos, revocamos la sentencia emitida por el Tribunal de Apelaciones. La notificación de la resolución del Tribunal de Primera Instancia fue suficiente en derecho y la parte querellante recurrida incumplió con el término jurisdiccional de treinta días para recurrir al foro apelativo intermedio.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres disintió con una opinión escrita. La Jueza Asociada Señora Pabón Charneco no intervino.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 et seq.).

 El Tribunal de Primera Instancia determinó que la querella presentada por la señora Moreno González era idéntica a otra reclamación presentada anteriormente ante el Negociado de Conciliación y Arbitraje, la cual fue adjudicada en su totalidad por el Tribunal de Primera Instancia, Sala Superior de San Juan.

 Este formulario se utiliza para notificar órdenes y resoluciones.

 En su recurso de apelación, la señora Moreno González cuestionó la Sentencia emitida por el foro primario el 9 de junio de 2008.

 Véase Apéndice, pág. 108.

 Este formulario se utiliza para notificar resoluciones del Tribunal de Primera Instancia que resuelvan una moción de reconsideración.

 El Tribunal de Apelaciones indicó que, una vez notificada correctamente la orden, comenzaría a transcurrir el término para presentar una apelación.

 32 L.P.R.A. Ap. III.

 De igual forma, la Regla 46 dispone lo siguiente:
“Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo. Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.” 32 L.P.R.A. Ap. III.

 Asociación Cooperativa v. Navarro, 70 D.P.R. 929, 932 (1950), citado en Vélez v. A.A.A., 164 D.P.R. 772, 788 (2005).

 Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 8 (2000), citando a Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 989 (1995).

 íd.

 Rodríguez Mora v. García Lloréns, 147 D.P.R. 305, 309 (1998).

 Véanse: Vélez Seguinot v. A.A.A., supra, pág. 789; Hosp. Dr. Domínguez v. Ryder, 161 D.P.R. 341, 345 (2004).

 Falcón Padilla v. Maldonado Quirós, supra, pág. 990.

 Citado en De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899, 904 (1998).

 Falcón Padilla v. Maldonado Quirós, supra, pág. 993.

 Ponce Fed. Bank v. Chubb Life Ins. Co., 155 D.P.R. 309, 332 (2001); Juliá et al. v. Epifanio Vidal, S.E., 153 D.P.R. 357, 362 (2001); Vázquez v. A.R.Pe., 128 D.P.R. 513, 537 (1991).

 S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873, 882 (2007); Morán v. Martí, 165 D.P.R. 356, 364 (2005).

 Soc. de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979).

 S.L.G. Szendrey Ramos v. F. Castillo, supra; Souffront v. A.A.A., 164 D.P.R. 663, 674 (2005).

 Ghigliotti v. A.S.A., 149 D.P.R. 902, 906 (2000); Souffront v. A.A.A., supra, pág. 674; Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980).

 Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345, 370 (2003).

 Souffront v. A.A.A., supra, pág. 674.

 Rodríguez v. Zegarra, 150 D.P.R. 649, 654 (2000); Hernández v. Marxuach Const., 142 D.P.R. 492, 498 (1997).

8) Véanse: 32 L.P.R.A. Ap. III, R. 68.1; García Claudio v. García Guevara, 145 D.P.R. 659 (1998).

 32 L.P.R.A. Ap. III, R. 53.1(c).

 Mediante este formulario titulado “Notificación”, el Secretario le informa a la parte que: (a) el tribunal ha dictado una resolución; (b) la fecha de la resolución; (c) la fecha cuando se envió por correo la notificación, y (d) la fecha del archivo en autos de copia de la notificación. Adviértase que por la naturaleza de este formulario no se le informa a la parte de su derecho a instar un recurso de apelación.

 Este formulario, “Notificación de Archivo en Autos de la Resolución de Moción de Reconsideración”, le informa a la parte: (a) que el tribunal ha dictado una resolución; (b) la fecha de la resolución; (c) el derecho a establecer un recurso de apelación, revisión o certiorari, y (d) la fecha del archivo en autos de la copia de la sentencia y de la notificación. Para la notificación de sentencias, la Secretaría del Tribunal de Primera Instancia utiliza el formulario OAT-704. En este formulario, “Notificación de Sentencia”, el Secretario le informa a la parte que: (a) el tribunal ha dictado sentencia; (b) la fecha de la sentencia; (c) la fecha cuando ésta fue debidamente registrada y archivada en los autos, y (d) el derecho a instar un recurso de apelación.

 No hgy un reglamento interno para la administración del Tribunal de Primera Instancia que establezca la obligación de notificar las determinaciones del tribunal mediante los formularios mencionados.

 Véanse: De Jesús v. Corp. Azucarera de P.R., supra, pág. 904; Rodríguez v. Tribl. Mpal. y Ramos, supra, pág. 664.

 íd.

 Apéndice, pág. 42.